UNITED STATES of America,
Plaintiff–Appellee,

v.

Shannon ROXBOROUGH,
Defendant–Appellant.

No. 95–1946.

United States Court of Appeals,
Sixth Circuit.

Argued March 12, 1996.

Decided Nov. 5, 1996.

David Debold, Diane L. Marion (briefed), Stephen J. Murphy, III (argued), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellee.

Richard M. Helfrick (argued and briefed), Federal Public Defenders Office, Detroit, MI, for Defendant–Appellant.

Before: JONES, BOGGS, and BATCHELDER, Circuit Judges.

## AMENDED OPINION

BATCHELDER, Circuit Judge.

This case first came before this panel on March 12, 1996, and was the subject of a prior opinion (*U.S. v. Roxborough*, 94 F.3d 213 (6th Cir.1996)), in which we remanded this case to the district court for further proceedings. After we filed that opinion, the plaintiff filed a petition for rehearing to amend the opinion. After reviewing the plaintiff's petition, we amend our prior opinion and delete Section II, Part C, Paragraph 2. Our amended opinion follows.

Defendant Shannon Roxborough appeals a two-level enhancement imposed by the district court pursuant to U.S.S.G. § 2K2.1(b)(4) (1994) for unconvicted conduct involving a firearm that "had an ... obliterated serial number." Finding error in the district court's decision to impose the enhancement, we **VACATE** and **REMAND** for further proceedings.

### I.

In May 1993, an undercover operation conducted, in part, by the Bureau of Alcohol, Tobacco, and Firearms ("BATF") resulted in the sale of a number of firearms to federal agents. The serial numbers of two of the guns that were part of this transaction had been obliterated at some time before they came into federal agents' hands. When the BATF restored the serial numbers, the guns were traced back to Roxborough.

In November 1993, Roxborough was arrested during the course of another undercover purchase of handguns by the BATF. Subsequently, in February 1995, Roxborough

pleaded guilty to a one-count information charging him as follows:

> That from on or about May, 1993, through November, 1993, in the Eastern District of Michigan, Southern Division, and elsewhere, SHANNON ROXBOROUGH, defendant herein, being a federally licensed firearms dealer, did willfully and intentionally engage in the business of dealing in firearms away from his licensed premises, and did so in violation of the regulations prescribed by the Secretary; all in violation of Title 18, United States Code, Section 922(c).

Roxborough's plea agreement specified that he reserved the right to challenge an enhancement under § 2K2.1(b)(4) for selling firearms[1] that later made their way into the government's hands without serial numbers.

At sentencing, the government conceded it could not establish Roxborough's involvement in removing the serial numbers from the two firearms. The government also conceded it could not establish that any of the firearms seized at the time of Roxborough's arrest, similarly lacked serial numbers. These concessions notwithstanding, the district court imposed the § 2K2.1(b)(4) obliteration enhancement, reasoning that the enhancement is one by way of strict liability. According to the district court, Roxborough took the risk that the serial numbers on unlawfully sold guns would be obliterated, and since they were, he should receive the two-level enhancement. Roxborough disagreed, and timely appealed.

### II.

The central issue in this appeal is whether the district court erred as a matter of law in concluding that the § 2K2.1(b)(4) obliteration enhancement is a matter of strict liability. We review this question *de novo*. *United States v. Morrison*, 983 F.2d 730, 732 (6th Cir.1993).

The language of the obliteration enhancement provides:

---

**1.** These were the firearms involved in the May 1993 transaction.

**(b) Specific Offense Characteristics**

    **(4) If any firearm was stolen, or had an altered or obliterated serial number, increase by two levels.**

There is no question in this case that the BATF recovered two firearms, traceable to Roxborough, the serial numbers of which had been obliterated. It did. Roxborough does not challenge this. Rather, Roxborough argues that the enhancement cannot stand, because the government adduced no evidence at sentencing either that Roxborough obliterated the serial numbers or that the firearms had obliterated serial numbers *at the time that he sold them.* In support of his position, Roxborough relies on *United States v. Partington,* 21 F.3d 714, 719 (6th Cir.1994), and *United States v. Rowlett,* 23 F.3d 300, 304 (10th Cir.1994).

We think it is unnecessary to decide whether the language of § 2K2.1(b)(4) requires the government to prove either that Roxborough obliterated the serial numbers or sold the firearms in such a condition. We are satisfied to resolve this case on narrower grounds.

■ After reviewing the record and the parties' briefs, we have found nothing that persuades us that the § 2K2.1(b)(4) enhancement is, as the district court held, to be imposed by way of strict, or virtually strict, liability. In our view, if the enhancement is to be imposed at all, it must be imposed in accordance with the "relevant conduct" provisions of the Sentencing Guidelines. U.S.S.G. § 1B1.3 (1994). We, thus, turn to those provisions in order to determine whether we can uphold the obliteration enhancement on the record as it stands before us.

### A.

There are at least four possible "relevant conduct" provisions under which the enhancement might have been justified. We consider them in turn.

■ First, the enhancement could be justified under U.S.S.G. § 1B1.3(a)(1)(A) (1994).[2] The government, however, offered no evidence that Roxborough was, himself, responsible, or otherwise connected in any way with, the obliteration. Moreover, the government did not show, and the district court did not find, that the obliteration "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." § 1B1.3(a)(1). In light of this, we are unable to affirm the imposition of the enhancement under § 1B1.3(a)(1)(A).

### B.

■ Second, the two-level obliteration enhancement might be justified under U.S.S.G. § 1B1.3(a)(1)(B) (1994).[3] In imposing the obliteration enhancement, the district court implied that it was a foreseeable occurrence that the firearms which Roxborough sold would have their serial numbers obliterated. As the district court explained:

**2.** In pertinent part, § 1B1.3(a)(1)(A) provides that:

> **§ 1B1.3   Relevant Conduct (Factors that Determine the Guideline Range)**
> (a) Chapters Two (Offense Conduct). ... Unless otherwise specified, ... (ii) specific offense characteristics ... in Chapter Two ... shall be determined on the basis of the following:
> (1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant ...
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]

**3.** In pertinent part, § 1B1.3(a)(1)(B) provides:

> **§ 1B1.3 · Relevant Conduct (Factors that Determine the Guideline Range)**
> (a) Chapter Two (Offense Conduct). ... Unless otherwise specified, ... (ii) specific offense characteristics ... in Chapter Two ... shall be determined on the basis of the following:
> (1) (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]

I suppose that when you sell firearms illegally, that's one of the risks you take, that the people you're selling them to are going to use them illegally, as well, and obliterate the serial numbers, so I am going to apply the enhancement here.

On appeal, the government essentially takes the position that "it was certainly foreseeable to Roxborough that the firearms in question would have their serial numbers removed."

However, even if we agreed that it was "reasonably foreseeable" to Roxborough that the serial numbers would be obliterated,[4] we could not uphold Roxborough's sentence. The district court made no finding and the record does not otherwise establish that Roxborough was involved in "jointly undertaken criminal activity," or that the obliteration was undertaken in furtherance of such activity (both required in order to find that the obliteration is relevant conduct under § 1B1.3(a)(1)(B)).[5]

Additionally, even if we could find on the record before us (a) that the obliteration of the serial numbers was "reasonably foreseeable," and (b) that Roxborough's sale of the obliterated firearms was "jointly undertaken criminal activity," *and* (c) that the obliteration was undertaken in furtherance of such activity, we still could not affirm the district court's imposition of the enhancement under § 1B1.3(a)(1)(B). The district court made no factual finding, and the record does not es-

tablish, that the obliteration of the serial numbers on the two guns "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." § 1B1.3(a)(1). We cannot affirm a finding that was never made, particularly where the record before us could not support the conclusion with any modicum of certainty.

### C.

We must also consider whether we can affirm the § 2K2.1(b)(4) two-level enhancement on the theory that the obliteration constitutes "relevant conduct" under § 1B1.3(a)(2).[6] Although we could find that the § 3D1.2(d) element of § 1B1.3(a)(2) is satisfied on the facts of this case,[7] we could not find, for reasons already explained, that the obliteration of the serial numbers constitutes an "act" described in subparagraph (1)(A) or (1)(B). Because the acts at issue do not satisfy subparagraphs (1)(A) or (1)(B), a requirement under § 1B1.3(a)(2), we cannot affirm the enhancement on these grounds.

### D.

■ Before concluding, we consider one last point, namely, whether we can find that the obliteration enhancement of § 2K2.1(b)(4) comes within the "unless other-

---

4. The district court's unsupported finding that Roxborough ran the risk that the serial numbers on those firearms that he illegally sold would be obliterated is not sufficient to support a finding of "reasonable foreseeability" under the relevant conduct provisions. Furthermore, the record contains no facts from which we could conclude that the obliteration of the serial numbers on those firearms was "reasonably foreseeable" to him.

5. Although the record *is* clear that Roxborough engaged in "jointly undertaken criminal activity" with respect to the November transaction, such a fact, without more, could not establish that he similarly engaged in such activity with respect to the two firearms that the district court believed triggered the two-level enhancement.

6. In pertinent part, § 1B1.3(a)(2) provides:
    **§ 1B1.3 Relevant Conduct (Factors that Determine the Guideline Range)**
    (a) Chapter Two (Offense Conduct). ... Unless otherwise specified, ... (ii) specific of-

fense characteristics ... in Chapter Two ... shall be determined on the basis of the following:
(2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction[.]

7. The Application Note relevant to § 1B1.3(a)(2) makes plain that "Subsection (a)(2) merely incorporates by reference the types of offenses set forth in § 3D1.2(d); thus, ... multiple counts of conviction are not required for subsection (a)(2) to apply." USSG § 1B1.3, comment. (n.3) (1994). In this case, therefore, we need only observe that § 1B1.3(a)(2) incorporates by reference the offense in the instant case, a violation of 18 U.S.C. § 922(c), because the guidelines provision governing that offense, § 2K2.1, is mentioned explicitly in § 3D1.2(d).

wise specified" language of U.S.S.G. § 1B1.3(a) (1994).[8]

The Commentary to § 1B1.3 explains the rule of construction for the "unless otherwise specified" language of § 1B1.3(a), as follows:

Subsection (a) establishes a rule of construction by specifying, in the absence of more explicit instructions in the context of a specific guideline, the range of conduct that is relevant to determining the applicable offense level (except for the determination of the applicable offense guideline, which is governed by § 1B1.2(a)). No such rule of construction is necessary with respect to Chapters Four and Five because the guidelines in those chapters are explicit as to the specific factors to be considered.

U.S.S.G. § 1B1.3, Background (1994). The § 2K2.1(b)(4) enhancement at issue here does not provide a "more explicit instruction" than those instructions provided in § 1B1.3. As the Fifth Circuit explained in *United States v. Gonzales*, 996 F.2d 88, 92 n. 6 (5th Cir.1993), " § 2K2.1(b)(4) ... obviously is not intended to apply to firearms wholly unrelated to the charged offense." On the record as it stands before us, since we cannot conclude that the obliteration "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense," § 1B1.3(a)(1), *a fortiori*, we cannot conclude that the obliteration was *part* of the offense of conviction.

### III.

In short, the record in this case does not reflect that the district court made the findings necessary to support the § 2K2.1(b)(4) enhancement. Although we have some doubt about whether a factual basis for the enhancement could be found, it is clear that the factual record before us is not sufficiently well developed to place us in a position to affirm the enhancement. Therefore, we VACATE Roxborough's sentence, and REMAND this case to the district court for

**8.** Section 1B1.3(a) provides that:
*Unless otherwise specified,* (i) the base offense level where the guideline specified more than one base offense level, (ii) specific offense char-

further proceedings consistent with this opinion. We leave it to the district court, as an initial matter, to decide whether the imposition of the obliteration enhancement could be justified as a matter of fact under the relevant "relevant conduct" provisions of the Guidelines.

acteristic, and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following[.]