**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES TIMOTHY REDDICK,

    Defendant-Appellant.

No. 99-6211

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CR-98-205-C)

---

Duane Miller, Yukon, Oklahoma, for Defendant-Appellant.

Teresa Black, Assistant United States Attorney (Patrick M. Ryan, United States Attorney, with her on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **BALDOCK**, **KELLY**, and **HENRY**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

    The Government charged Defendant with possession of a firearm while under a

domestic violence restraining order in violation of 18 U.S.C. § 922(g)(8).  Defendant pled

not guilty and waived his right to a jury trial.  The district court received evidence through

the parties' stipulated facts. Defendant made an offer of proof indicating that he did not know possession of a firearm while under a domestic violence restraining order was illegal. The district court, on the Government's motion, disallowed the evidence. The district court found Defendant guilty and sentenced him to fifteen months imprisonment.

On appeal, Defendant argues (1) his conviction under 18 U.S.C. § 922(g)(8) violated his due process rights because he did not know of the federal law which prohibits firearm possession by a person under a domestic violence protection order, and (2) the district court incorrectly failed to require proof that Defendant intended to harm the person who secured the restraining order against him. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

I.

In February 1995, Defendant married Michelle Klein. They separated in July 1997. In April 1998, after Defendant attempted to strangle her, Klein filed a petition for a restraining order against Defendant in Oklahoma state court. After receiving notice of Klein's application for a protective order, Defendant appeared at a hearing, and objected to the order. At the conclusion of the hearing, the district court issued a protective order which restrained Defendant from harassing and threatening Klein. The order further directed Defendant not to harm, abuse, molest, or interfere with Klein, not to visit or communicate with her, to stay away from her residence, and to cease stalking her. Finally, the order advised Defendant that violation of the order constituted a misdemeanor

2

and set out the penalties for its violation. The order did not, however, advise Defendant of the federal law providing felony penalties for the possession of a firearm or ammunition while the order was in effect.

While the protective order was in effect, Defendant, carrying a firearm and ammunition, approached Klein in a shopping mall where she worked. Defendant told Klein that he had a firearm in his truck and threatened to commit suicide. Klein called mall security and then 911. Defendant returned to Klein's workplace a second time, then a third, again talking of suicide. Defendant told Klein he had a gun on him and threatened to kill himself in front of her if she called the police. When the police arrived, Defendant left the mall. After a high speed chase, police apprehended Defendant.

## II.

Defendant argues his conviction under 18 U.S.C. § 922(g)(8) violates his due process rights because he did not have notice that federal law prohibits firearm possession by persons under domestic restraining orders. We review Defendant's claim of constitutional error de novo. See United States v. Rith, 164 F.3d 1323, 1334 (10th Cir.), cert. denied, 120 S. Ct. 78 (1999).

Section 922(g)(8) prohibits the possession of a firearm or ammunition by an individual subject to a protective order issued after a hearing.[1] Defendant does not

---

[1] The statute provides in relevant part that possession of a firearm or ammunition which has traveled in interstate commerce is unlawful for any person who is subject to a court order that:

3

challenge his conviction based on any elements of the statute. Instead, he argues that his conviction under § 922(g)(8) violated his due process rights because he lacked notice of the federal law. Defendant claims that the state court informed him, both in the written order and orally, about conduct which would constitute a violation of the protective order, but did not mention the possession of a firearm or ammunition. Further, Defendant states the state court informed him that violation of the protective order would be a misdemeanor, but mentioned neither the federal statute, nor that violation of the federal statute would be a felony.

The traditional rule provides that ignorance of the law is no defense to a criminal prosecution. Cheek v. United States, 498 U.S. 192, 199 (1991); see also Bryan v. United States, 524 U.S. 184, 195 (1998). Every circuit that has considered the issue of lack of notice with respect to § 922(g)(8) has rejected arguments similar to Defendant's. See United States v. Meade, 175 F.3d 215 (1st Cir. 1999); United States v. Bostic, 168 F.3d

---

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person . . . or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner . . . ; and
(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner . . .; or
  (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner . . . that would reasonably be expected to cause bodily injury . . . .

18 U.S.C. § 922(g)(8).

718 (4th Cir.), cert. denied, 119 S. Ct. 2383 (1999); United States v. Baker, 197 F.3d 211 (6th Cir. 1999); United States v. Wilson, 159 F.3d 280 (7th Cir. 1998), cert. denied, 119 S. Ct. 2371 (1999).

In support of his due process argument, Defendant cites Lambert v. California, 355 U.S. 225 (1957). In Lambert, the Supreme Court held a law unconstitutional which imposed strict liability upon convicted felons for mere presence in a municipality because it punished, without forewarning, conduct which a reasonable person ordinarily would not consider criminal. Id. at 228-29. Defendant claims his conviction under § 922(g)(8) similarly punished innocent conduct. The First Circuit in Meade, 175 F.3d at 225-26, rejected this argument. The court concluded that "a person who is subject to [an anti-harassment or anti-stalking] order would not be sanguine about the legal consequences of possessing a firearm . . . ." Id. at 226. Consequently, the court held that the prohibition of § 922(g)(8) did not involve "conduct and circumstances so presumptively innocent as to fall within the narrow confines of the Lambert exception." Id.

The Fourth, Sixth, and Seventh Circuits have rejected the same argument. The Fourth Circuit upheld a § 922(g)(8) conviction against a due process challenge where the defendant had knowledge that he possessed a firearm and was aware that he was subject to a domestic violence restraining order. Bostic, 168 F.3d at 723. The court reasoned that "[l]ike a felon, a person [subject to a domestic violence protection order] cannot reasonably expect to be free from regulation when possessing a firearm." Id. at 722. In

5

Baker, 197 F.3d at 220, the Sixth Circuit concluded that the defendant could not successfully claim a lack of fair warning with respect to the requirements of § 922(g)(8) because it was not reasonable for someone subject to a domestic violence protection order to "expect to possess dangerous weapons free from extensive regulation." Finally, the Seventh Circuit, in Wilson,159 F.3d at 288-89, held that the defendant's lack of knowledge of the existence of § 922(g)(8) was immaterial and his conviction did not violate his due process rights.[2]

We agree with every circuit court that has considered due process challenges to § 922(g)(8) and conclude that due process does not require actual knowledge of the federal statute. Accordingly, Defendant's conviction under § 922(g)(8) did not violate his due process rights, even though he lacked knowledge of the statute. A fundamental principal of our justice system recognizes that ignorance of the law is no excuse. Defendant has not shown that § 922(g)(8) falls into an exception to this general rule. See Bryan, 524 U.S. at 194 (noting exception for "highly technical statutes that present[ ] the danger of ensnaring individuals engaged in apparently innocent conduct").

---

[2] The conclusion that actual knowledge of the statute is not required for a 18 U.S.C. § 922(g)(8) conviction is consistent with our rulings on similar arguments against the law prohibiting firearm possession by felons, namely 18 U.S.C. § 922(g)(1). See United States v. Reed, 114 F.3d 1053, 1057 (10th Cir. 1997) (defendant charged under 18 U.S.C. § 922(g)(1) need only have had knowledge of the presence and characteristics of the gun as a firearm; government need not prove that defendant knew he was violating the law); United States v. Capps, 77 F.3d 350, 352 (10th Cir. 1996) (only knowledge required for a 18 U.S.C. § 922(g)(1) conviction is knowledge that the instrument possessed is a firearm).

## III.

Defendant next argues that 18 U.S.C. § 922(g)(8) is designed to protect the person who obtained the protective order. He claims that because he possessed a firearm to harm only himself, he did not violate the intent of the law. The district court refused to allow Defendant to argue a "no intent to harm others" defense. We review the district court's exclusion of evidence for abuse of discretion. See United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999). We review de novo the district court's interpretation of the applicable law. Transwestern Publishing Co. v. Multimedia Marketing Assocs., Inc., 133 F.3d 773, 775 (10th Cir. 1998).

Before trial, the Government filed a motion in limine to prevent Defendant from arguing that he only intended to commit suicide. The district court granted the Government's motion in limine, noting that Defendant agreed that lack of intent to harm others is not a defense to the charge. Because Defendant agreed that lack of intent to harm the person covered by the protective order is not a defense to the charge, he is precluded from raising the same argument on appeal. See United States v. Fortier, 180 F.3d 1217 (10th Cir. 1999).

Furthermore, Defendant's argument is without merit. Defendant presents no legislative history or case law to support his argument. The plain language of § 922(g)(8) simply prohibits the possession of a firearm by a person subject to a protective order. Section 922(g)(8) sets forth the three elements necessary to sustain a conviction: 1) the

7

defendant was subject to a restraining order issued after a hearing, 2) the defendant thereafter knowingly possessed a firearm, and 3) the possession was in or affecting interstate commerce. See 18 U.S.C. § 922(g)(8); Baker, 197 F.3d at 215. The statute does not require any intent to harm the person protected by the restraining order. See 18 U.S.C. § 922(g)(8). Instead, the statute prohibits the mere possession of a firearm. See id. Defendant does not challenge the evidence on any of the three elements of § 922(g)(8) supporting his conviction. Consequently, Defendant's purported lack of intent to harm Klein is irrelevant and does not warrant reversal of his conviction.

AFFIRMED.