**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JAMES L. BOYD, III,

      Defendant - Appellant.

No. 99-3227
(D.C. No. 99-CR-40001-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MCWILLIAMS**, and **HENRY**, Circuit Judges.[**]

      Defendant-Appellant, James Boyd III, appeals his conviction for possession

of a firearm after conviction of a misdemeanor crime of domestic violence, 18

U.S.C. § 922(g)(9) and the two-level enhancement of his sentence for relevant

conduct pursuant to U.S.S.G. §§ 2K2.1(b)(4) and 1B1.3(a)(2). Mr. Boyd was

sentenced to 18 months confinement. We discuss the underlying facts as

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

necessary to resolve Mr. Boyd's issues on appeal.

Mr. Boyd argues that § 922(g)(9) is unconstitutional because (1) it violates the fair notice requirement of the Due Process Clause of the Fifth Amendment; and (2) it constitutes an impermissible exercise of federal congressional power under the Commerce Clause, Art. I, § 8, cl. 3 of the U.S. Constitution.  Mr. Boyd also argues that the district court erred in increasing his sentence by two offense levels because of possession of a stolen firearm, charged in a dismissed count. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. 3742(a), and we affirm.

We review Mr. Boyd's constitutional challenges de novo.  See United States v. Rith, 164 F.3d 1323, 1334 (10th Cir.), cert. denied, 120 S. Ct. 78 (1999). Mr. Boyd first argues that § 922(g)(9)[1] is unconstitutional in that it contravenes fair notice, required by the Due Process clause of the Fifth Amendment.  He relies primarily on Lambert v. California, 355 U.S. 225 (1957).  This argument was recently addressed and rejected by this Court in the context of a closely related provision, § 922(g)(8).[2]  See United States v. Reddick, 203 F.3d 767 (10th Cir.

---

[1] In relevant part, § 922(g)(9) prohibits individuals convicted in any court of a misdemeanor crime of domestic violence from receiving any firearm which has been shipped or transported in interstate or foreign commerce.

[2] § 922(g)(8) prohibits receipt of a firearm by individuals subject to a court order (issued after a hearing of which the individual had notice and was able to participate) restraining such person from harassing, stalking, or threatening an intimate partner, child, etc.

2000). There we reaffirmed the fundamental principal that ignorance of the law is no excuse, and rejected the defendant's constitutional challenge on the basis of fair notice. See Reddick, 203 F.3d at 771. The same doctrine obtains in the instant case. Mr. Boyd may not argue that his ignorance of the law renders his conviction a violation of due process. Moreover, this case does not implicate the narrow exception to this rule, involving "highly technical statutes that present[] the danger of ensnaring individuals engaged in apparently innocent conduct." See Bryan v. U.S., 524 U.S. 184, 194 (1998). As the Fourth Circuit recently noted, § 922(g)(9) makes perfectly clear that one convicted of a domestic violence misdemeanor is prohibited from possessing a firearm, thus providing notice as to the law's reach and effect. See United States v. Mitchell, No. 99-4008, 2000 WL 309298 (4th Cir. Mar. 27, 2000). Thus, Mr. Boyd's claim for relief on this ground fails.

Mr. Boyd next argues that § 922(g)(9) is unconstitutional in that it exceeds Congress' jurisdiction under the Commerce Clause. Mr. Boyd recognizes, as he must, that this precise issue was addressed and rejected by this court in United States v. Bolton, 68 F.3d 396 (10th Cir. 1995). Mr. Boyd nevertheless urges us to revisit the issue, and depart from Bolton's holding. We are unwilling and unable to do so. The disposition of Bolton binds this panel in the instant matter. See Fowler v. Ward, 200 F.3d 1302, 1313 (10th Cir. 2000).

Finally, Mr. Boyd argues that the district court erred in enhancing his sentence by two offense levels pursuant to U.S.S.G. § 2K2.1(b)(4), for possession of a stolen firearm. On May 30, 1998, during a routine traffic stop, a deputy sheriff discovered and seized a Smith and Wesson 9 millimeter pistol which had been stolen. Mr. Boyd later admitted that he thought the weapon might have been stolen. See IV R. 5-7. Less than three months later, on August 24, 1998, during another traffic stop, law enforcement officers found and seized a .380 AMT semi-automatic pistol from Mr. Boyd. Mr. Boyd was subsequently indicted on two counts of possession of a firearm after conviction of a misdemeanor crime of domestic violence, 18 U.S.C. § 922(g)(9). Pursuant to a plea agreement, the count charging a violation of § 922(g)(9) for the May 30 event was dismissed. At sentencing, the district court adopted the recommendation of the presentence report, and enhanced Mr. Boyd's sentence by two levels pursuant to § 2K2.1(b)(4), because the firearm in the dismissed count was stolen.

When reviewing sentencing enhancements, "'we review factual findings of the district court under the clearly erroneous standard . . . .'" United States v. Farnsworth, 92 F.3d 1001, 1009 (10th Cir. 1996)(citation omitted). We review questions of law regarding the application of the Sentencing Guidelines de novo. See United States v. Sapp, 53 F.3d 1100, 1104 (10th Cir. 1995).

The essence of Mr. Boyd's argument is that the district court erred when it

relied on U.S.S.G. § 1B1.3(a)(2),[3] and applied a three factor test of similarity, temporal proximity and regularity of offenses. Mr. Boyd contends that this test is insufficient to establish the March 30 conduct as relevant for sentencing purposes. Mr. Boyd, while not denying that the March 30 conduct was similar, temporally proximate, and within the technical definition of regularity (namely, at least two occasions), argues that these factors are not strongly present enough to support the district court's conclusion.

Mr. Boyd urges this court to look to the Sixth Circuit's holding in United States v. Roxborough, 99 F.3d 212 (6th Cir. 1996) for guidance. In Roxborough, the defendant was convicted of dealing firearms away from his licensed premises, 18 U.S.C. § 922(c). The Sixth Circuit vacated the defendant's sentencing enhancement for obliteration of a firearm's serial number, pursuant to 2K2.1(b)(4), on the grounds that the government had not shown that the defendant was responsible or connected with the act of obliterating the serial number. See Roxborough, 99 F.3d at 214.

Mr. Boyd's arguments are not persuasive. As the district court properly noted, the stolen firearm enhancement "applies whether or not the defendant knew

---

[3] U.S.S.G. § 1B1.3(a)(2) provides in relevant part that offenses which are groupable under § 3D1.2(d) are part of a defendant's relevant conduct if they are part of the same course of conduct or common scheme or plan as the count of conviction.

or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1, comment n. 19. To satisfy § 1B1.3(a)(2), the following must be met: (1) there must be a finding that the offense in question involved conduct described in §§ 1B1.3(a)(1)(A) and (B); (2) the offense must be groupable with the offense of conviction under § 3D1.2(d); and (3) the offense must be part of the "same course of conduct or common scheme or plan." § 1B1.3(a)(2). See United States v. Taylor, 97 F.3d 1360, 1363 (10th Cir. 1996).

Here, the first requirement is satisfied, because it is undisputed Mr. Boyd committed the act in question, namely, possessed the stolen firearm on March 30. This type of offense, § 2K2.1 (Firearms), is groupable under § 3D1.2(d). Thus, the second requirement is likewise satisfied.

The proper factors to be weighed in order to determine whether offenses constitute the same course of conduct include: (1) the degree of similarity of the offenses; (2) the regularity of the offenses; and (3) the time interval between the offenses. See United States v. Windle, 74 F.3d 997, 1000 (10th Cir. 1996). Here the conduct from the dismissed count was identical to that in the count charged. As Mr. Boyd correctly notes, at least two instances must exist to satisfy the above "regularity" requirement. See United States v. Svacina, 137 F.3d 1179, 1183 (10th Cir. 1998). This requirement is satisfied. Finally, less than three months elapsed between the first and second instances of Mr. Boyd's possession of a

stolen firearm.  This is a shorter interval than in other cases in which this court has found this factor satisfied.  See Windle, 74 F.3d at 1000 (five month period). Thus, the district court did not err in determining that the offense from the dismissed count was relevant conduct to the offense of conviction.

Moreover, we agree with the district court that Roxborough is inapposite, in that the Sixth Circuit's holding relied upon the failure of the government to establish that the defendant was involved in the obliteration of the serial numbers. In the instant case it is undisputed that Mr. Boyd possessed the stolen firearm.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge