**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4063**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

NORMAN SENEKA BOWERS,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:13-cr-00458-NCT-1)

Submitted: June 12, 2015    Decided: July 10, 2015

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Ripley Rand, United States Attorney, Greensboro, North Carolina, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Norman Seneka Bowers (Bowers) pled guilty to possession of a firearm after a felony conviction, 18 U.S.C. § 922(g)(1). At sentencing, over Bowers' objection, the district court applied a four-level enhancement under United States Sentencing Commission, Guidelines Manual (USSG), § 2K2.1(b)(4)(B) to Bowers' offense level because the firearm he possessed had an altered serial number. The application of the § 2K2.1(b)(4)(B) enhancement increased Bowers' sentencing range from 46 to 57 months' imprisonment to 70 to 87 months' imprisonment. He was sentenced to 78 months' imprisonment. On appeal, Bowers challenges the district court's application of the § 2K2.1(b)(4)(B) enhancement. We affirm.

I

On December 7, 2013, in Lexington, North Carolina, Bowers fled on foot following a stop of his vehicle by then-Officer Jason Pardue (Officer Pardue) of the Lexington Police Department. During the chase, Officer Pardue tackled Bowers, and a struggle ensued. After Bowers pointed a gun at Officer Pardue, Officer Pardue punched Bowers in the face which caused Bowers to fall to the ground. Bowers was then subdued and placed under arrest.

- 2 -

The gun recovered at the scene was examined by ATF Special Agent Matt Amato. Such examination revealed that the serial number on the gun had been altered in that three of the five digits comprising the gun's serial number had "gouges" in them making them "unreadable." (J.A. 80).

On December 16, 2013, a federal grand jury in the Middle District of North Carolina charged Bowers with possessing a firearm after a felony conviction, 18 U.S.C. § 922(g)(1), and with possessing a firearm with a serial number that had been altered or obliterated, id. § 922(k). Bowers pled guilty to the § 922(g)(1) offense.

In preparation for sentencing, a presentence investigation report was prepared by a United States Probation Officer. The probation officer recommended that Bowers' offense level be enhanced four levels under USSG § 2K2.1(b)(4)(B) because the gun he possessed had an altered serial number. Bowers objected to the § 2K2.1(b)(4)(B) enhancement on the basis that he had no knowledge of the serial number being altered. At sentencing, the district court overruled the objection. Following the imposition of a 78-month sentence, the district court entered judgment from which Bowers now appeals.

Bowers challenges the district court's application of the § 2K2.1(b)(4)(B) enhancement to his offense level. According to Bowers, § 2K2.1(b)(4)(B) requires the government to prove that, at the time the defendant possessed the firearm, he had knowledge that the serial number on the gun was altered or obliterated. Since the government did not offer proof of such knowledge at his sentencing, Bowers posits that the district court erred in applying the enhancement.

In applying enhancements under the Sentencing Guidelines, the district court employs the preponderance of the evidence standard, not the reasonable doubt standard. United States v. Battle, 499 F.3d 315, 322–23 (4th Cir. 2007). In considering the district court's application of the Sentencing Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

Section 2K2.1(a)(4)(A) of the Sentencing Guidelines provides a base offense level of 20 when a defendant with one prior felony conviction for either a crime of violence or a controlled substance offense is convicted of possessing a firearm. This Guideline applied to Bowers because he had a qualifying prior controlled substance offense. Section 2K2.1(b)(4) of the Sentencing Guidelines provides for a

two-level enhancement where the defendant possessed a stolen firearm, USSG § 2K2.1(b)(4)(A), and a four-level enhancement where the defendant possessed a firearm with an altered or obliterated serial number, id. § 2K2.1(b)(4)(B). The USSG § 2K2.1(b)(4) enhancements apply "regardless of whether the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number." Id. § 2K2.1, comment. (n.8(B)). The district court applied the § 2K2.1(b)(4)(B) enhancement because the gun Bowers possessed had an altered serial number. Bowers received a two-level enhancement for obstruction of justice, id. § 3C1.2, and a three-level downward adjustment for acceptance of responsibility, id. § 3E1.1(a), (b), resulting in a sentencing range of 70 to 87 months' imprisonment, using Bowers' Criminal History Category IV.

Bowers does not dispute that the gun he possessed on December 7, 2013 had an altered serial number. Under the Guidelines' commentary, there is no requirement that he have any knowledge, or reason to believe, the gun had an altered serial number. Id.; see also United States v. Perez, 585 F.3d 880, 883 (5th Cir. 2009) ("This court has continually enforced the clear and unambiguous language of § 2K2.1(b)(4) and its strict liability standard."); United States v. Statham, 581 F.3d 548, 553 (7th Cir. 2009) ("[The defendant] need not have known that

- 5 -

serial numbers had been removed from the weapons."); United States v. Brown, 514 F.3d 256, 269 (2d Cir. 2008) (holding that § 2K2.1(b)(4) is a strict liability enhancement provision); United States v. Murphy, 96 F.3d 846, 849 (6th Cir. 1996) (holding that § 2K2.1(b)(4) is a "'strict liability'" enhancement provision and that the "'omission of a mens rea requirement'" in § 2K2.1(b)(4) "'does not violate due process'" (quoting United States v. Goodell, 990 F.2d 497, 499 (9th Cir. 1993))). Thus, the district court properly applied the § 2K2.1(b)(4)(B) enhancement to Bowers' offense level.

Notwithstanding the plain language of § 2K2.1's commentary and the persuasive circuit authority cited above, Bowers points us to the Sixth Circuit's decision in United States v. Roxborough, 99 F.3d 212 (6th Cir. 1996), in support of his argument. In Roxborough, undercover ATF agents purchased two firearms with obliterated serial numbers from an individual. Id. at 213. When the obliterated serial numbers were restored, the firearms were traced back to the defendant, a licensed firearms dealer. Id. With regard to these two firearms, the defendant pled guilty to dealing in firearms away from his licensed premises, 18 U.S.C. § 922(c). Roxborough, 99 F.3d at 213. At his sentencing, the defendant's offense level was enhanced because the serial numbers on the firearms had been obliterated. Id. Notably, the government could not establish

that the serial numbers had been obliterated by the defendant or that the serial numbers were obliterated when he sold the firearms.  Id.  On these facts, the  Roxborough court declined to uphold the district court's application of the enhancement. Id. at 214-15.

Bowers' reliance on Roxborough is misplaced.  First, the decision in Roxborough conflicts with the plain language of § 2K2.1's commentary which clearly states that the § 2K2.1(b)(4) enhancements apply regardless of whether the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number.  Second, the court in Roxborough considered it important that the government could not prove that the firearms' serial numbers were obliterated at the time of the offense.  Id. at 214 (stating that there was "no evidence at sentencing either that Roxborough obliterated the serial numbers or that the firearms had obliterated serial numbers at the time that he sold them").  In our case, there is no dispute that the gun's serial number was altered at the time Bowers committed his offense.  Third, the Sixth Circuit has declined to follow Roxborough on the basis that it conflicts with its earlier decision in Murphy, which held that § 2K2.1(b)(4) is a strict liability enhancement provision.  See United States v. Burns, 109 Fed. App'x  52, 57 (6th Cir. 2004) ("To the extent that Roxborough conflicts with the earlier-

decided <u>Murphy</u>, we are not constrained to follow it.").
Consequently, <u>Roxborough</u> is of no help to Bowers.

III

For the reasons stated herein, we conclude that the district court did not err when it applied the § 2K2.1(b)(4)(B) enhancement to Bowers' offense level. Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>