**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 20a0379n.06**
**No. 19-4085**

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS**<br>**FOR THE SIXTH CIRCUIT** | | **FILED**<br>Jun 25, 2020<br>DEBORAH S. HUNT, Clerk |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ERIC GIBSON, | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| Defendant-Appellant. | ) | OHIO |
| | ) | OPINION |
| | ) | |

BEFORE:    BATCHELDER, STRANCH, and MURPHY, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  The narrow issue presented by this appeal is whether a sentencing enhancement for possession of a stolen firearm pursuant to USSG § 2K2.1(b)(4)(A) can be applied absent a showing that the defendant knew the firearm was stolen. We have previously held that § 2K2.1(b)(4)(A) may be applied as a strict liability enhancement. *See United States v. Murphy*, 96 F.3d 846, 849 (6th Cir. 1996).  Gibson argues that this holding cannot survive our recent en banc decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), because the strict liability rule is housed in the Guideline's commentary and the text of the Guideline itself does not bear that construction.  But because the relevant commentary is an interpretation of § 2K2.1(b)(4)(A), not an addition or modification to it, we find that the enhancement does not include a scienter requirement, even after *Havis*.  We therefore **AFFIRM**.

## I.   BACKGROUND

The facts of this case are not in dispute.  On July 13, 2018, Eric Gibson attended a party at an apartment complex in Cleveland, Ohio.  For reasons unconnected to Gibson, the Cleveland Police Department's Gang Impact Unit arrived at the apartment building and arrested three men in the lobby area for illegally possessing marijuana and firearms.  Gibson was in the parking lot at the time, and when the officers entered the area to secure the scene, he walked over to a red minivan parked in the lot, crouched down for a few seconds, and then walked away.  An officer saw him do this, walked over, and found a firearm on the tire of the vehicle.  Gibson was arrested.  It later turned out that the firearm had been previously reported as stolen.  Gibson was indicted on one count of illegally possessing a firearm, in violation of 18 U.S.C. § 922(g)(1).  He pled guilty.

At sentencing, the district court found that Gibson's total offense level was 19.  This calculation included a two-level enhancement under § 2K2.1(b)(4)(A) for possession of a stolen firearm.  Gibson objected, arguing that the commentary attached to the Guideline impermissibly altered the Guideline's mens rea requirement.  But the district court sided with the Government, holding: "there's a difference between additions and interpretations or clarifications, and here we have a clarification or interpretation versus an addition."  Gibson appeals the district court's conclusion that § 2K2.1(b)(4)(A) applies as a strict liability enhancement.

## II.   ANALYSIS

### A.  Standard of Review

"We review de novo 'the district court's legal interpretation of the Guidelines, including mixed questions of law and fact.'"  *United States v. Sands*, 948 F.3d 709, 712–13 (6th Cir. 2020) (quoting *United States v. Settle*, 414 F.3d 629, 630 (6th Cir. 2005)).

**B. Discussion**

The only question we need to answer is whether *Havis* alters our prior holding that § 2K2.1(b)(4)(A) contains no scienter requirement. In 1996, we published two decisions that arrived at seemingly contradictory conclusions regarding the predicate mens rea for the enhancement to apply. In *Murphy*, we held that courts may apply § 2K2.1(b)(4) as a strict liability provision. 96 F.3d at 849. Six weeks later, the amended opinion in *United States v. Roxborough* reasoned: "we have found nothing that persuades us that the § 2K2.1(b)(4) enhancement is . . . to be imposed by way of strict, or virtually strict, liability." 99 F.3d 212, 214 (6th Cir. 1996).[1] In a later unpublished opinion, we concluded that "[t]o the extent that *Roxborough* conflicts with the earlier-decided *Murphy,* we are not constrained to follow it." *United States v. Burns*, 109 F. App'x 52, 57 (6th Cir. 2004); *see also Sands*, 948 F.3d at 713. Gibson does not fight this conclusion. In his Reply Brief he writes: "[t]his Court's own precedent, both before and after *Roxborough*, hold the enhancement does not require a mens rea." He argues instead that *Roxborough*'s rationale, considered in light of *Havis*, shows that *Murphy* is no longer good law.

At issue in *Havis* was whether attempt crimes fall within the purview of a "controlled substance offense" under USSG § 4B.1.2. While the plain language of the Guideline said "nothing about attempt crimes," the commentary indicated that attempt crimes were within the ambit of the Guideline. *Havis*, 927 F.3d at 385. Sitting en banc, we reasoned that the "[c]ommentary binds courts only 'if the guideline which the commentary interprets will bear the construction.'" *Id.* at 386 (quoting *Stinson v. United States*, 508 U.S. 36, 46 (1993)). "Unlike the Guidelines themselves," we explained, "commentary to the Guidelines never passes through the gauntlets of

---

[1] *Roxborough* was originally published on August 26, 1996. 94 F.3d 213 (6th Cir. 1996). It was later withdrawn and superseded by an amended opinion published on November 5, 1996. 99 F.3d 212 (6th Cir. 2016). *Murphy* was decided on September 27, 1996, after the original decision in *Roxborough* but before the amended opinion was filed.

congressional review or notice and comment." *Id.* And "because commentary has no independent legal force," it serves to interpret the text of the Guideline itself; where the commentary replaces, modifies, or expands the Guideline, the text alone controls. *Id.* Comparing the text of the Guideline and the Application Note at issue, we found the latter to be an impermissible expansion of the former because the Guideline "expressly names the crimes that qualify" and "none are attempt crimes." *Id.*

Applying *Havis* here, Gibson contends that the text of the Guideline will not bear the Government's strict liability construction. The text of § 2K2.1(b)(4)(A), in full, reads: "[i]f any firearm was stolen, increase by two levels." Application Note 8(B), meanwhile, states that the enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen." Gibson argues that "[f]ollowing *Havis*, Application Note 8(B) . . . impermissibly expands the scope of the guideline text by adding a strict liability directive that is not listed in the text of the guideline." Enter *Roxborough*. There, we reasoned that "if the enhancement is to be imposed at all, it must be imposed in accordance with the 'relevant conduct' provisions of the Sentencing Guidelines," which Gibson says is, in effect, a mens rea requirement. 99 F.3d at 214; *see* USSG § 1B1.3. Even if *Roxborough* was "wrongly decided" as a result of our intervening decision in *Murphy*, Gibson argues that *Havis* still proves his point. The commentary's strict liability reference is an impermissible addition to the Guideline's text because read alone, § 2K2.1(b)(4) includes a mens rea requirement.

But performing the comparative inquiry outlined in *Havis* does not support this claim. While the Application Note in *Havis* added a new category of crime to an exhaustive list contained in the Guideline text itself, here, the enhancement's text appears to bear the strict liability interpretation contained in the commentary. *Stinson*, 508 U.S. at 42–43. The text does not contain

a scienter requirement. *Cf.* USSG § 2K1.3(b)(2) ("If the offense involved any explosive material that the defendant knew or had reason to believe was stolen, increase by 2 levels."). The factual contexts of the two cases, moreover, are distinct. *Roxborough*'s mens rea analysis pertained to the defendant's culpability for firearms that she did not possess but that the district court determined to be foreseeable within a "jointly undertaken criminal activity." 99 F.3d at 215. And as noted in *Burns*, *Roxborough* relied on the inability of the Government to prove that "the serial numbers were obliterated at the time" of the offense.[2] 109 F. App'x at 57. *Roxborough* therefore is factually distinguishable: this case does not involve a conspiracy theory of liability and Gibson concedes that the firearm had been previously stolen at the time of the instant offense. Nothing in Gibson's *Havis* analysis shows that the commentary at issue does more than "interpret [a] guideline or explain how it is to be applied." *Stinson*, 508 U.S. at 42 (quoting USSG § 1B1.7).[3]

There may be policy reasons for district courts to decline to apply a § 2K2.1(b)(4)(A) enhancement, especially where the Government cannot show the defendant knew the firearm was stolen. *See, e.g., United States v. Faison*, No. GJH-19-27, 2020 WL 815699, at *7 (D. Md. Feb. 18, 2020). And yet, we find no basis to hold, as a matter of law, that the enhancement applies only where a knowledge requirement is satisfied. Circuit courts have uniformly upheld § 2K2.1(b)(4)(A)'s application where the defendant's offense involved a stolen firearm, even where the defendant did not know the firearm used was stolen. *Murphy*, 96 F.3d at 849; *United States v. González*, 857 F.3d 46, 53–56 (1st Cir. 2017); *United States v. Taylor*, 659 F.3d 339, 343–44 (4th Cir. 2011); *United States v. Thomas*, 628 F.3d 64, 68–70 (2d Cir. 2010); *United States v.*

---

[2] § 2K2.1(b)(4) similarly applies where an offense involves a firearm with an "altered or obliterated serial number."
[3] Additionally, Gibson argues that after *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the presumption in favor of scienter should apply to our interpretation of the Sentencing Guidelines, as it does to statutory provisions. But Gibson's cursory mention of this argument and citation to *Rehaif* alone, which was not a Guidelines case, is not sufficiently developed to advance this argument. *See United States v. Hurley*, 278 F. App'x 574, 575 (6th Cir. 2008); *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

*Martinez*, 339 F.3d 759, 761–62 (8th Cir. 2003); *United States v. Richardson*, 8 F.3d 769, 770 (11th Cir. 1993); *United States v. Goodell*, 990 F.2d 497, 499 (9th Cir. 1993); *United States v. Schnell*, 982 F.2d 216, 220–22 (7th Cir. 1992); *United States v. Mobley*, 956 F.2d 450, 454–59 (3d Cir. 1992); *United States v. Singleton*, 946 F.2d 23, 26–27 (5th Cir. 1991). Gibson's argument under *Havis* does not change this outcome.

## III.    CONCLUSION

For the foregoing reasons we **AFFIRM**.