**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jerome L. MURPHY, Defendant–Appellant.**

**No. 95–3729.**

United States Court of Appeals, Sixth Circuit.

Submitted June 27, 1996.

Decided Sept. 27, 1996.

Thomas J. Gruscinski (briefed), Office of the U.S. Attorney, Cleveland, OH, for U.S.

Debra M. Hughes (briefed), Federal Public Defender's Office, Cleveland, OH, for Jerome L. Murphy.

Before KEITH, KENNEDY, and RYAN, Circuit Judges.

RYAN, Circuit Judge.

The defendant, Jerome Murphy, appeals from the judgment of conviction and sentence entered following his plea of guilty to one count of being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1). He contends that the district court erred when it denied his motion to dismiss the indictment on the ground that section 922(g)(1) violates the Commerce Clause under the standard established in *United States v. Lopez*, — U.S. —, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Murphy also argues that the district court erred in assigning him a two-level sentencing enhancement for possession of a stolen firearm, under U.S.S.G. § 2K2.1(b)(4), because, he asserts, he was unaware that the firearm was stolen. For the reasons that follow, we will affirm.

## I.

In the fall of 1994, agents at the Bureau of Alcohol, Tobacco and Firearms received a tip from a confidential informant to the effect that the defendant, Jerome Murphy, was a convicted felon and was in possession of firearms. The agents accordingly executed a search warrant at Murphy's home, and discovered a loaded .380 caliber semi-automatic pistol in a kitchen closet, and 26 rounds of .380 caliber ammunition in the kitchen cupboard. Law enforcement officials later learned that the pistol had been stolen the year before, a fact which the defendant does not dispute.

Murphy was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and pled guilty. About a month after the defendant's guilty plea, the Supreme Court decided *United States v. Lopez*, — U.S. —, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). The defendant then filed a motion to dismiss the indictment based on *Lopez*, which was denied by the district court on the ground that the logic of *Lopez* did not extend so far as to invalidate section 922(g).

The presentence report prepared for Murphy recommended that he receive a two-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(4), on the ground that the firearm in question was stolen. Murphy filed an objection to this recommendation, arguing that he had no knowledge that the firearm was stolen, and arguing that the sentencing enhancement in question must necessarily contain a *mens rea* requirement in order to

be constitutional. The government conceded that it had no evidence that Murphy knew the firearm was stolen.

The district court rejected the defendant's sentencing argument, reasoning that while a *mens rea* requirement might be necessary in order for a criminal statute to be constitutional, the same standard did not apply to a mere sentencing enhancement. The court then sentenced Murphy at the low end of the applicable guidelines range, to 33 months of imprisonment.

Murphy filed this timely appeal.

## II.

### A.

■ On appeal, the defendant renews the two arguments he advanced in the district court. We will first address his argument that the reasoning of the Supreme Court's recent decision in *Lopez*, — U.S. —, 115 S.Ct. 1624, 131 L.Ed.2d 626, serves to invalidate the statute with which he was charged, 18 U.S.C. § 922(g)(1). We review *de novo* challenges to the constitutionality of a statute. *United States v. Brown*, 25 F.3d 307, 308–09 (6th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 640, 130 L.Ed.2d 546 (1994).

■ Section 922(g) states in relevant part that "[i]t shall be unlawful for any person— (1) who has been convicted [of a felony] ... to ... possess in or affecting commerce, any firearm or ammunition[.]" In *Lopez*, the Supreme Court struck down a portion of the Gun–Free School Zones Act of 1990 that made it "unlawful for any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone," 18 U.S.C. § 922(q)(2)(A), as impermissible legislation under the Commerce Clause. — U.S. at — – —, 115 S.Ct. at 1630–31. The Court noted that section 922(q) "ha[d] nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms." *Id.* The Court also pointed to the absence in the statute of any "jurisdictional element which would ensure, through case-by-case inquiry, that the firearm posses-

sion in question affects interstate commerce." *Id.* at ——, 115 S.Ct. at 1631.

Subsequent to the parties' briefing in this case, a panel of this court upheld the validity of section 922(g)(1), specifically considering the effect of *Lopez* and holding that section 922(g) was "a valid exercise of legislative power under the Commerce Clause." *United States v. Turner,* 77 F.3d 887, 889 (6th Cir.1996). As the reasoning of *Turner* makes plain, there is no question that *Lopez* 's treatment of section 922(q) simply does not speak to the wholly different circumstances presented by section 922(g)(1). Indeed, the identical conclusion has been reached by every other circuit to consider the question. *See, e.g., United States v. Bates,* 77 F.3d 1101, 1104 (8th Cir.1996), *petition for cert. filed,* No. 96–5184 (U.S. July 10, 1996); *United States v. Sorrentino,* 72 F.3d 294, 296 (2d Cir.1995); *United States v. Bell,* 70 F.3d 495, 498 (7th Cir.1995); *United States v. Bolton,* 68 F.3d 396, 400 (10th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 966, 133 L.Ed.2d 887 (1996); *United States v. Collins,* 61 F.3d 1379, 1383–84 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 543, 133 L.Ed.2d 446 (1995).

■ We likewise note and reject Murphy's secondary contention in support of his argument that section 922(g)(1) falls within the ambit of *Lopez:* that because Ohio has also criminalized the conduct of being a felon in possession of a firearm, the federal statute criminalizing the same conduct offends the "traditional and reserved power" of the states "to enact criminal legislation." Not surprisingly, Murphy cites no authority in which a court has espoused such a novel reverse-preemption theory. Quite simply, there is no conceivable constitutional basis for invalidating federal legislation on the ground that the conduct criminalized is also criminalized by state legislation. Such a proposition is extraordinary, and, we think, meritless.

### B.

■ Murphy next argues that the district court erred in enhancing his sentence, pursuant to U.S.S.G. § 2K2.1(b)(4), on the ground that the firearm was stolen, because he had no knowledge that it was stolen. We review *de novo* the district court's application of the guidelines to a set of facts that, as here, is undisputed. *United States v. Warshawsky,* 20 F.3d 204, 212 (6th Cir.1994).

■ United States Sentencing Guidelines Section 2K2.1(a)(4)(A) provides a base offense level of 20 when a defendant with one prior felony conviction for either a crime of violence or a controlled substance offense is convicted of possessing a firearm. Section 2K2.1(b)(4) provides, however, that if the firearm is stolen, the offense level should be increased by two levels. As the application notes specify, this enhancement applies "whether or not the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1, comment. (n.19).

The defendant acknowledges that application note 19 explicitly dispenses with any *mens rea* requirement, but contends that to impose the enhancement in the absence of proof that he knew the weapon was stolen violates his due process rights. He relies heavily on the case of *Staples v. United States,* 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), in which the Court held that in order to sustain a conviction for the possession of an unregistered firearm under 26 U.S.C. § 5861(d), based on defendant's possession of a machine gun, the government had to prove that the defendant knew that his firearm possessed characteristics bringing it within the scope of the statute. 511 U.S. at ——, 114 S.Ct. at 1804. The holding in *Staples* was based principally on two legal principles: (1) when a statute is silent as to the mental state required for the commission of an offense, the common law presumes the existence of a *mens rea* element; and (2) the provision of severe penalties for violation of a statute—in the case of section 5861(d), ten years—"tend[s] to suggest that Congress did not intend to eliminate a *mens rea* requirement." *Id.*

As the *Staples* Court expressly cautioned, "We emphasize that our holding is a narrow one." *Id.* We simply find no basis for expanding the holding of *Staples,* dealing only with the requisite intention for conviction of a crime, to include sentencing enhancements

within its scope; indeed, the two areas are fundamentally distinct. *United States v. Mobley,* 956 F.2d 450, 455 (3d Cir.1992). To be sure, we are not the first court to so hold: every other court to consider the question has concluded that the lack of a *mens rea* requirement in U.S.S.G. § 2K2.1(b)(4) comports with constitutional requirements. *United States v. Griffiths,* 41 F.3d 844, 845–46 (2d Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1440, 131 L.Ed.2d 319 (1995); *United States v. Richardson,* 8 F.3d 769, 770 (11th Cir.1993), *cert. denied,* 510 U.S. 1203, 114 S.Ct. 1321, 127 L.Ed.2d 670 (1994); *United States v. Sanders,* 990 F.2d 582, 584 (10th Cir.), *cert. denied,* 510 U.S. 878, 114 S.Ct. 216, 126 L.Ed.2d 172 (1993); *United States v. Goodell,* 990 F.2d 497, 499 (9th Cir.1993); *United States v. Schnell,* 982 F.2d 216, 219 (7th Cir.1992); *Mobley,* 956 F.2d at 452, 459; *United States v. Singleton,* 946 F.2d 23, 27 (5th Cir.1991), *cert. denied,* 502 U.S. 1117, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992); *United States v. Taylor,* 937 F.2d 676, 682 (D.C.Cir.1991); *United States v. Amerson–Bey,* 898 F.2d 681, 683 (8th Cir. 1990). We join with those courts in concluding that since "the upward adjustment for possession of a stolen firearm does not stand alone as an independent crime but is part of a sentencing court's quest to formulate a proper sentence," the holdings in *Staples* and related decisions do not speak to our decision today. *Singleton,* 946 F.2d at 26.

We observe, moreover, the well-settled principle that "[a] statute may provide criminal liability without *mens rea* consistent with due process if it is a regulatory measure in the interest of public safety." *Goodell,* 990 F.2d at 499. And, as the *Goodell* court explained, in construing an earlier version of this sentencing guideline,

> [t]he strict liability enhancement for possession of a stolen firearm is rationally related to the legitimate governmental goal of crime prevention: § 2K2.1(b)(2) was promulgated on the premise that "stolen firearms are used disproportionately in the commission of crimes." Further, an ex-felon who obtains a stolen firearm is more culpable than one who legally obtains a firearm. The omission of a *mens rea* requirement for the stolen gun sentencing

enhancement under § 2K2.1(b)(2) does not violate due process.

*Id.* (citations omitted).

## III.

**AFFIRMED.**