UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 12/17/96**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.

TONYA LEE WELLMAKER,

      Defendant-Appellant.

No. 96-6137
(D.C. No. CR-95-166-L)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY, and LUCERO, Circuit Judges.[**]

Defendant-appellant Tonya Lee Wellmaker pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) and was sentenced to 92 months imprisonment and three years supervised release. In determining the sentence, the district court enhanced her base offense level by two levels pursuant to U.S.S.G. § 2K2.1(b)(4) because the firearm was stolen. In the district court, Ms. Wellmaker unsuccessfully

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

argued that the firearm was not stolen because it was concealed in a black bag (that she intentionally removed from the vehicle of a former boyfriend so as to deprive him of it). Our jurisdiction to reconsider this point on appeal arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the district court's factual finding of a stolen firearm for clear error; any disputed legal issues are reviewed de novo. United States v. Rowlett, 23 F.3d 300, 303 (10th Cir. 1994).

The record contains ample evidence that Ms. Wellmaker intended to steal the bag and its contents, including the firearm. The "firearm was stolen--" that she may have been unaware of the firearm's presence in the bag initially or that she later sought to return it to its owner are legally insignificant facts. U.S.S.G. § 2K2.1(b)(4) lacks a scienter requirement, it is in effect a strict liability sentencing enhancement. U.S.S.G. § 2K2.1(b)(4), comment. n.19; United States v. Murphy, 96 F.3d 846, 848-49 (6th Cir. 1996); United States v. Sanders, 990 F.2d 582, 584 (10th Cir.), cert. denied, 510 U.S. 878 (1993).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge