108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David E. JAY, Defendant-Appellant.
 No. 95-4238.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1997.
 
 Before: SILER, COLE, and VAN GRAAFEILAND,* Circuit Judges.
 PER CURIAM.
 
 
 1
 On May 25, 1994, David E. Jay, defendant, pled guilty to a two-count indictment charging him with: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); and (2) making false statements to a firearms dealer in violation of 18 U.S.C. § 922(a)(6). He was sentenced to a term of imprisonment of 51 months. On appeal, Jay claims that the district court erred in denying his motion for a downward departure from the sentencing guidelines range and in denying his motion to dismiss the first count of his indictment. Because a review of the record convinces us that the district court understood that it had discretion to depart downward from the sentencing guidelines, we DISMISS Jay's appeal of his sentence for want of jurisdiction. Further, because 18 U.S.C. § 922(g) is constitutional, we AFFIRM the district court's denial of Jay's motion to dismiss the first count of the indictment.
 
 I.
 
 2
 Jay purchased a firearm from a federally licensed dealer and indicated that he had no prior felony convictions, although he had previously been convicted of a felony. Later, he was stopped by police who discovered the handgun in his vehicle.
 
 
 3
 Jay neither denies buying the firearm in question nor denies lying on the firearms application. He instead claims that he purchased the firearm for his own protection after the occurrence of recent thefts and robberies involving his employment with Jay's Boom Trucking. At sentencing, the district judge denied Jay's motion for a downward departure.
 
 
 4
 Jay first orally moved for downward departure during an earlier sentencing hearing. Based on the lack of notice to the court and to the government, the hearing was continued to provide Jay the opportunity to file a motion and to give the government and the court the opportunity to review the issue. At this hearing, the district court judge stated that it was her belief that a motion for downward departure was permissible when there existed no plea agreement stating otherwise.
 
 
 5
 The court also heard and denied Jay's motion to dismiss count one of his indictment on the basis that 18 U.S.C. § 922(g)(1) constitutes an invalid exercise of Congress' power under the Commerce Clause of the United States Constitution.[1] This section provides, in relevant part, that it is unlawful for certain persons, including convicted felons, to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1).
 
 II.
 
 6
 We are first asked to determine whether the district court's refusal to depart downward from the sentencing guidelines was an exercise of discretion or a legal determination that there was no authority for departure in response to Jay's claim that he purchased the firearm for his own protection. Ordinarily, a district court's discretionary refusal to depart downward from the sentencing guidelines range is not appealable. United States v. Ebolum, 72 F.3d 35, 37 (6th Cir.1995). When the guideline range was properly computed, the district court was aware of its discretion to depart, and the sentence imposed was not illegal or a result of an incorrect application of the guidelines, the failure to depart is not reviewable. United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995). "An appeal may be taken, however, when the district court believed that it lacked any authority to depart downward as a matter of law." Ebolum, 72 F.3d at 37.
 
 
 7
 To determine whether the district court's refusal to depart downward was an exercise of discretion or a legal determination that there was no authority to depart, we review the sentencing hearing transcript. Id. Jay claims that the judge refused to depart downward because she believed that she had "no authority whatsoever to exercise discretion in this matter." At the earlier sentencing hearing, however, the judge stated that she believed that a motion for downward departure was permissible in this case and continued the hearing so that she could have everything that could be made available to her and have some time to reflect on it before making a decision whether to depart downward. Such comments do not reflect a belief that departure was legally precluded.
 
 
 8
 In support of his argument that the district court judge misunderstood her authority, Jay points to statements she made at the final hearing. In particular, Jay refers to the statements, "I just don't think that it would hold up. I think that the circuit would reverse it and you would have some false hope and then that wouldn't happen." These statements do not demonstrate that the judge believed that she lacked the authority to consider the defendant's mitigating circumstances. Rather, they indicate a belief that under the circumstances of Jay's case, downward departure was unwarranted.
 
 
 9
 As further support, Jay points to the judge's statements that she was "not happy about the sentences that are required in these cases " (emphasis added); that she did not grant a downward departure in cases as compelling or even more compelling than Jay's case; and that she tells "every felon [she] ever convict[s] please don't have weapons because the sentences are very long and there is not anything really a Judge can do." By these statements, the judge did not manifest a belief that she was without authority to depart downward. Instead, she was saying that when the facts of such a case do not merit a downward departure, a judge has no option but to impose the required sentence, which even at its minimum is quite lengthy.
 
 
 10
 Furthermore, absent any indication in the sentencing transcript to the contrary, we assume that the district court exercised its discretion and found downward departure to be unwarranted. See Byrd, 53 F.3d at 145. Thus, because Jay's sentence was properly computed and not otherwise unlawful and because the district court was aware of its discretion, we may not review the district court's refusal to depart downward.
 
 III.
 
 11
 Jay next asks this court, relying on United States v. Lopez, 115 S.Ct. 1624 (1995), to recognize that 18 U.S.C. § 922(g)(1) constitutes an improper exercise of power under the Commerce Clause, and to reverse the district court's denial of his motion to dismiss count one of the indictment. This issue has been previously addressed by this court in United States v. Turner, 77 F.3d 887, 889 (6th Cir.1996), when we held section 922(g)(1) to be constitutional. Accord United States v. Murphy, 96 F.3d 846, 848 (1996). Consequently, the district court correctly denied Jay's motion to dismiss count one of the indictment.
 
 IV.
 
 12
 Jay's appeal of his sentence is DISMISSED for lack of jurisdiction, see United States v. Dellinger, 986 F.2d 1042, 1044 (6th Cir.1993), and his motion to dismiss count one of the indictment is AFFIRMED.
 
 
 
 *
 The Honorable E.A. Van Graafeiland, Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 When Jay initially entered his plea of guilty to count one, he did not waive his right to move for its dismissal. A plea of guilty generally waives all nonjurisdictional defects, but it does not foreclose review of a claim that the statute under which the defendant was charged is unconstitutional. United States v. Cox, 464 F.2d 937, 940 (6th Cir.1972)