**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4015

LEWIS SYDNEY COGGINS, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-97-155)

Submitted: January 19, 1999

Decided: February 19, 1999

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Charles H. Harp, II, HEDRICK, HARP & MICHAEL, Lexington,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Harry L. Hobgood, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lewis Sydney Coggins, Jr., appeals from the 57-month sentence imposed upon his guilty plea to possession of an unregistered destructive device, in violation of 26 U.S.C. §§ 5861(d), 5871 (1994). Coggins claims, first, that the district court erred by imposing a base offense level of 20 under USSG § 2K2.1(a)(4). See U.S. Sentencing Guidelines Manual (1997). Coggins also claims that the district court erred by imposing a two-level enhancement under USSG § 2K2.1(b)(4) for possession of stolen firearms and by refusing to allow a decrease for mitigating role under USSG§ 3B1.2.

In April 1997, Coggins met with Larry Barnhardt and agreed to store at his (Coggins') residence a cooler filled with explosives, along with a trash bag containing blasting caps. Barnhardt did not tell Coggins that the explosives had been stolen. In accordance with Barnhardt's instructions, Coggins wrapped the smaller explosives with electrical tape in bundles of five sticks and the larger explosives in bundles of three sticks. After Barnhardt was arrested, agents of the Bureau of Alcohol, Tobacco and Firearms searched Coggins' residence and found the cooler containing a total of forty-eight explosive cartridges, three fully-assembled destructive devices, and eleven partially-assembled destructive devices. Coggins was then arrested and charged with possession of an unregistered destructive device.

The district court assigned a base offense level of 20 under USSG § 2K2.1(a)(4)(B) which applies to a "prohibited person," defined as anyone who:

> (i) is under indictment for, or has been convicted of, a "crime punishable by imprisonment for more than one year," as defined by 18 U.S.C. § 921(a)(2); (ii) is a fugitive from justice; (iii) is an unlawful user of, or is addicted to, any

2

controlled substance; (iv) has been adjudicated as a mental defective or involuntarily committed to a mental institution; (v) being an alien, is illegally or unlawfully in the United States; or (vi) is subject to a court order that restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child as defined in 18 U.S.C. § 922(d)(8).

USSG § 2K2.1, comment. (n.6). Coggins did not object at sentencing and, therefore, we review this claim for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). We find, and the Government concedes, that because Coggins does not fall into any of these categories, the district court plainly erred by assigning him a base offense level of 20. Therefore, we vacate Coggins' sentence and remand to the district court for resentencing as to this claim.

Next, Coggins asserts that the district court improperly increased his sentence under USSG § 2K2.1(b)(4) because he did not know that the explosives were stolen. Section 2K2.1(b)(4) provides that a defendant's base offense level is increased by two-levels"[i]f any firearm was stolen." The commentary to this section clearly states that the enhancement applies "whether or not the defendant knew or had reason to believe that the firearm was stolen." USSG§ 2K2.1(b)(4), comment. (n.19). See United States v. Murphy, 96 F.3d 846, 849 (6th Cir. 1996) (holding that lack of mens rea requirement in USSG § 2K2.1(b)(4) does not violate due process).

Finally, Coggins claims that he was entitled to either a four- or two-level reduction as a minimal participant under USSG § 3B1.2(a). A minimal role reduction is "intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." USSG § 3B1.2(a), comment. (n.1). See United States v. Reavis, 48 F.3d 763, 769 (4th Cir. 1995) ("A defendant is not entitled to a `minimal' participant status unless [ ]he has had an extremely limited role in a criminal enterprise."). The burden is on the defendant to show by a preponderance of the evidence that he is entitled to an adjustment in his offense level. See United States v. Gordon, 895 F.2d 932, 935 (4th Cir. 1990). Here, the government proved that Coggins

was fully aware of Barnhardt's intentions to sell destructive devices and assembled the explosives according to Barnhardt's instructions. Coggins took an active role in the crime by storing the devices for Barnhardt. Therefore, the district court did not err by deciding that the mitigating role adjustment was unwarranted.

Accordingly, we vacate and remand for resentencing as to Coggins' first claim and affirm his sentence as to his remaining claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

4