**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0469n.06

No. 09-4106

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jul 12, 2011**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    **Plaintiff-Appellee,** )
)
v. )
)
TERRY DAVY, )
)
    **Defendant-Appellant.** )
_____ )

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

**O P I N I O N**

Before: SUHRHEINRICH, MOORE, and COOK, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Terry Davy ("Davy") was convicted of being a felon in possession of a firearm and sentenced by the district court to 92 months of imprisonment and 3 years of supervised release. Davy appeals on the grounds that the sentence imposed by the district court was procedurally and substantively unreasonable. At sentencing, the district court applied a two-level enhancement to Davy's offense level because the firearm was stolen. Despite conceding that the enhancement applied, Davy requested that the district court vary downward from the advisory Guidelines range because there was no indication that he knew the weapon was stolen. Davy made a policy-based argument that the strict-liability enhancement conflicted with the substantive crime of possession of a stolen gun, which requires proof that the defendant knew or had reason to know that the gun was stolen.

Davy argues on appeal that, among other things, the district court did not consider his argument for a variance and believed instead that the Guidelines enhancement was mandatory. We conclude that the district court abused its discretion by not explaining adequately the chosen sentence and apparently treating the Guidelines as mandatory. The district court did not respond substantively to Davy's policy-based argument and, furthermore, her remarks suggest that she did not believe she had the power to vary categorically on this basis. In light of the district court's procedural errors, we **VACATE** Davy's sentence and **REMAND** for de novo resentencing.

## I. BACKGROUND

On February 7, 2008, Davy was designated to six months of work release at the Salvation Army Harbor Light facility for a probation violation, following state convictions for felonious assault and possessing weapons while under a disability. At the same time, Davy was on supervised release for a federal conviction for possession with intent to distribute crack cocaine. On April 17, 2008, Davy left Harbor Light without permission. The United States District Court and Ohio Adult Parole Authority subsequently issued warrants for his arrest.

Pursuant to a tip, on July 14, 2008, the Fugitive Task Force for Northern Ohio located Davy at an address in Cleveland, Ohio. According to the plea agreement, the U.S. Marshals entered the downstairs apartment and informed Lakinda Harris ("Harris"), the leaseholder of the apartment and the mother of one of Davy's children, that they had an arrest warrant for Davy. The Marshals then received a radio transmission that Davy was fleeing the home. Davy was subsequently apprehended. While at the apartment, the Marshals told Harris that they knew Davy had a gun and they could not

leave the gun on the streets. Harris consented to a search of the apartment, and she led the Marshals to a gun on a shelf under a dresser in the bedroom where Davy slept. The Marshals took custody of the gun and a box of ammunition. It was later determined that the gun was one of several firearms stolen from a location in Lorain, Ohio.

Later that day, Davy was given *Miranda* warnings and interviewed by a special agent from the Bureau of Alcohol, Tobacco, and Firearms. Davy admitted to the agent that he knew the gun was in Harris's residence and that he had periodically stayed there from May 2008 until his arrest. He further admitted that he knew where the gun was kept, had access to it, and saw it more than once in the residence during the time that he stayed there.

In a single-count indictment issued on October 21, 2008, Davy was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Davy had previously been convicted of state felonies for felonious assault, preparation of drugs for sale, and possession of drugs, and a federal felony for possession with intent to distribute cocaine. Davy pleaded guilty on May 18, 2009, before a magistrate judge, pursuant to a written plea agreement. The magistrate judge recommended that the plea be accepted.

The plea agreement stipulated that, if Davy received credit for early acceptance of responsibility, his total offense level would be 23. This total offense level resulted from a base level of 24 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1 (2008), plus a two-level enhancement for possessing a stolen firearm, minus three levels for acceptance of responsibility. Davy's criminal-history category was not addressed by the plea agreement. The plea agreement

stipulated that the offense level was not binding on the sentencing court, and Davy reserved the right to appeal, among other things, the court's offense-level and criminal-history calculations.

Davy's past offenses and his difficult childhood were documented in the presentence report ("PSR"). His father was shot at his home in connection with drugs when Davy was seven-years old, both his parents had used drugs, and his stepbrother introduced him to selling drugs. The PSR recommended a total offense level of 23, incorporating a two-level enhancement pursuant to § 2K2.1(b)(4) (2008) for possessing a stolen gun.[1] Davy's criminal-history points were determined to be 15, incorporating a one-point enhancement pursuant to § 4A1.1(e) because the crime occurred within two years of Davy's release from custody.[2] The corresponding criminal-history category was determined to be VI. Neither the government nor Davy filed objections to the PSR before the sentencing hearing. The district court acknowledged that Davy's counsel delivered a letter to the district court prior to the hearing that raised certain objections, but Davy did not provide that letter to the government or this court.

---

[1]Guideline § 2K2.1(b)(4) provides that, "[i]f any firearm . . . was stolen, increase [offense level] by 2 levels." U.S.S.G. § 2K2.1(b)(4). The relevant Application Note states that, "[s]ubsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen." *Id.* at cmt n.8(B).

[2]At the time of sentencing, Guideline § 4A1.1(e) provided for two points to be added to a defendant's criminal-history category if she "committed the instant offense less than two years after release from imprisonment" on a sentence of at least sixty days. U.S.S.G. § 4A1.1(e); *see also id.* at cmt n.5. It has since been stricken from the Guidelines because, "[r]ecent research isolating the effect of § 4A1.1(e) on the predictive ability of the criminal history score indicated that consideration of recency only minimally improves the predictive ability." *Id.* at supp. to app. C, amend. 742 (effective November 1, 2010).

The district court at sentencing adopted the report and recommendation of the magistrate judge and found Davy guilty of the felon-in-possession charge. At the hearing, the district court asked Davy's counsel to clarify what objections he was raising. Davy objected to the application of a two-level enhancement to his base offense level pursuant to § 2K2.1(b)(4), in connection with the gun being stolen. He also objected to the one-point enhancement pursuant to § 4A1.1(e), in connection with the crime occurring within two years of release from custody. Davy agreed, though, that under a technical reading of the Guidelines, the enhancements applied. He then argued that, nonetheless, the enhancement for the stolen gun overstated what would be an appropriate sentence in this case because there was no allegation that Davy *knew* the gun was stolen. Davy claimed that, because the application note did not require knowledge, it conflicted with relevant case law requiring an element of scienter for crimes involving possession of firearms. Accordingly, Davy argued that, because it had not been alleged that he was aware the gun had been stolen, the district court should vary downward. The district court did not respond substantively to his argument.

Davy also provided in mitigation evidence that he had completed certain academic and life-skills programs. The district court acknowledged this evidence along with Davy's difficult childhood as detailed in the PSR. She agreed with the government that Davy's criminal history was "really pretty high" and asked Davy if he wanted to say anything else to the court. Sentencing Transcript ("Sent. Tr.") at 12-13. Davy apologized for his actions and asked for a fair sentence. The district court then stated:

> Well, you have to realize that, I think as your lawyer indicated and as the
> Government also agrees, I've been on the bench a long time, and there are so many

> cases where people do things that are considered minor under state law and—but then when you hit the federal criminal code, the statutes that I have to abide by, there is no way to get around them. . . . So I hope you realize that I do think that people learn a lot more from their mistakes than they do from their successes. And you've got a very long criminal history category that I can—no way I cannot be bound by some of these.

*Id.* at 13-14. The district court then imposed a sentence of 92 months of imprisonment, at the bottom of the applicable Guidelines range, and 3 years of supervised release, and levied a special assessment of $100. She explained that she was sentencing Davy to the low end of the Guidelines range, and that she had considered his lengthy criminal history on the one hand and his efforts at improvement and difficult background on the other in selecting the sentence. Davy timely filed a notice of appeal.

## II. ANALYSIS

### A. Standard of Review

We review a district court's sentencing determination for reasonableness under an abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). Plain-error review applies only if the district court asked the *Bostic* question after pronouncing sentence and the defendant subsequently failed to clearly articulate his objections. *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). After imposing sentence, the district court did not ask whether Davy had any additional objections. Therefore, Davy's claims are necessarily reviewed for abuse of discretion.

**B. Procedural Reasonableness**

Reasonableness review includes two components: procedural and substantive reasonableness. In reviewing for procedural reasonableness, a district court abuses its discretion if it "commit[s] [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "First, we must ensure that the district court 'correctly calculate[ed] the applicable Guidelines range'" because it is "'the starting point and initial benchmark' of its sentencing analysis." *Bolds*, 511 F.3d at 579 (quoting *Gall*, 552 U.S. at 49) (alteration in original). We must next "ensure that the district judge gave 'both parties [an] opportunity to argue for whatever sentence they deem appropriate' and then 'considered all of the § 3553(a) factors to determine whether they support the sentence requested by [each] party.'" *Id.* at 579-80 (quoting *Gall*, 552 U.S. at 49-50) (second alteration in original). Finally, we review whether "the district court has 'adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *Id.* at 580 (quoting *Gall*, 552 U.S. at 50) (alteration in original).

On appeal, Davy claims that the district court failed to address his argument for a variance and considered the applicable Guidelines range to be mandatory. At sentencing, Davy contested the application of a two-level enhancement for possessing a stolen gun because there was no allegation

that Davy knew the gun was stolen. Davy's counsel appeared at first to object to application of the enhancement in the first instance. But early in the hearing, Davy's counsel clarified:

> [W]e'll concede that the calculation, the technical calculation with the application notes and the specific Advisory Sentencing Guidelines are correct. We're asking the Court to find—indulging the Court's discretion under the sentence 3553(a) [sic] that is not mandatory that those increases—specifically, . . . the stolen gun two[] point increase [is] not mandatory.

Sent. Tr. at 4-5. Davy's counsel thus agreed that under a technical reading of the Guidelines, the enhancements applied to Davy. He then argued that, nonetheless, the enhancement for the stolen gun overstated what would be an appropriate sentence in this case because there was no allegation that Davy knew the gun was stolen.

In particular, Davy noted that the government must prove that the defendant knew or had reason to know the gun was stolen in order to secure a conviction for the substantive crime of possession of a stolen gun, but not to apply the stolen-gun sentencing enhancement.[3] In light of this conflict, and because it had not been alleged that Davy knew the gun had been stolen, Davy argued that the district court should vary downward. The district court did not respond substantively to this argument and sentenced Davy within the advisory Guidelines range.

---

[3]Davy cited *United States v. Coffee*, 434 F.3d 887, 895 (6th Cir. 2006), for the proposition that a criminal conviction for a possession offense requires an element of scienter. The decision in *Coffee*, which the defendant also cites in his appellate brief, describes the elements required to sustain a conviction for felon-in-possession, and knowledge is among them. *Id.* at 895. *Coffee* does not address the elements of the specific crime of possession of a stolen gun. The relevance of *Coffee* to this case is thus limited. But Davy's general argument is correct: scienter is required for the substantive crime of possession of a stolen gun, but not for application of the stolen-gun sentencing enhancement. *Compare* 18 U.S.C. § 922(j) *with* U.S.S.G. § 2K2.1(b)(4) cmt n.8(B).

As an initial matter, the government argues that Davy requested a departure, not a variance, from the Guidelines. Consequently, says the government, the denial of Davy's request for a downward departure is unreviewable. *See United States v. Gale*, 468 F.3d 929, 937 (6th Cir. 2006). This argument is not well-taken.

A departure is a deviation from the applicable Guidelines range that is provided for "under the framework set out in the Guidelines," *Irizarry v. United States*, 553 U.S. 708, 714 (2008); "in contrast, a 'variance' refers to a non-Guidelines sentence outside the Guidelines framework," *Pepper v. United States*, 562 U.S. ---- ,131 S. Ct. 1229, 1245 n.12 (2011). Accordingly, the Supreme Court and this circuit have characterized as variances those deviations that are based on policy considerations. *See, e.g.*, *Spears v. United States*, 555 U.S. 261, 129 S. Ct. 840, 843-44 (2009); *United States v. Johnson*, 553 F.3d 990, 995-96 (6th Cir. 2009). Indeed, "as a general matter, courts may *vary* from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (emphasis added) (internal quotation marks and alteration omitted).

Davy conceded at sentencing that, under the terms of the Guidelines themselves, the enhancements were appropriately applied. He claimed that, nonetheless, the Guidelines conflict with relevant case law and a lower sentence was warranted. In other words, he argued for "a non-Guidelines sentence outside the Guidelines framework," which is a variance. *Pepper*, 131 S. Ct. at 1245 n.12. In past cases, we have treated the very policy-based argument raised by Davy to be a request for a variance, and we have then reviewed the adequacy of the district court's sentencing

9

explanation in light of this argument. *See United States v. Rolack*, 362 F. App'x 460, 463-66 (6th

Cir. 2010) (unpublished opinion); *United States v. Moore*, 372 F. App'x 576, 580-82 (6th Cir. 2010)

(unpublished opinion).[4] We will therefore review the district court's treatment of Davy's argument

for a variance.[5]

The Supreme Court has explained that "[t]he appropriateness of brevity or length,

conciseness or detail, when to write, what to say, depends upon circumstances." *Rita v. United

States*, 551 U.S. 338, 356 (2007). "Whe[n] the defendant or prosecutor presents nonfrivolous

reasons for imposing a different sentence," as Davy did here, "the judge will normally . . . explain

why he has rejected those arguments." *Id.* at 357. We have held accordingly that,

> [a]lthough the district court is not required to give the reasons for rejecting any and
> all arguments made by the parties for alternative sentences, . . . when a defendant

---

[4]To be sure, Guideline § 5K2.0 permits *departure* for circumstances "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." U.S.S.G. § 5K2.0(a)(1)(B). Even so, in the case of a policy-based disagreement, the Sentencing Commission may have contemplated the relevant circumstances, and the district court may still disagree with the Guidelines' resolution. *See also United States v. Madden*, 515 F.3d 601, 609-10 (6th Cir. 2008) (treating defendant's ambiguous argument for a downward departure as one for a below-Guidelines variance based on § 3553(a) factors).

[5]The appellate-review waiver in Davy's plea agreement would possibly waive Davy's challenge. On the other hand, Davy expressly reserved the right to appeal his offense-level calculation, and his argument on appeal implicates his offense level. We need not resolve the applicability of the appeal waiver, however, because the government failed to raise waiver in its appellate brief. *See Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998) ("[A]s with any other argument, the government can forfeit a waiver argument by failing to raise it in a timely fashion."); *United States v. Reuer*, 39 F. App'x 159, 162 n.3 (6th Cir. 2002) (unpublished opinion) (government forfeited waiver argument by failing to raise the issue in its brief on appeal). An appellate waiver, furthermore, does not deprive us of jurisdiction to decide claims on the merits. *United States v. Caruthers*, 458 F.3d 459, 472-73 n.6 (6th Cir. 2006).

raises a particular, nonfrivolous argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it.

*United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (internal quotation marks, citations, and alterations omitted).

Davy's argument for a policy-based variance was "nonfrivolous" and required a response from the district court.[6] *Rita*, 551 U.S. at 357; *Gapinski*, 561 F.3d at 474. In this circuit, we recognize the ability of a district court to vary based on a policy disagreement with any aspect of the Guidelines. *See, e.g.*, *United States v. Brooks*, 628 F.3d 791, 799-800 (6th Cir. 2011) (recognizing district court's ability to vary from Guidelines based on policy disagreement with sentencing range in cases involving child pornography); *United States v. Camacho-Arellano*, 614 F.3d 244, 247-50 (6th Cir. 2010) (same with respect to fast-track disparity). We have held that "a categorical, policy-based rejection of the Guidelines, even though entitled to less respect, nevertheless is permissible where the guidelines in question do not exemplify the Commission's exercise of its characteristic institutional role." *United States v. Herrera-Zuniga*, 571 F.3d 568, 586 (6th Cir. 2009) (internal quotation marks omitted). In this case, Davy correctly identified a distinction between a sentencing

---

[6]In *Rita*, the Supreme Court explained that, when "[c]ircumstances . . . make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence . . . in the typical case, and that the judge has found that the case before him is typical," then "the judge normally need say no more." *Rita*, 551 U.S. at 357. But such brevity may be unacceptable when "a party contests the Guidelines sentence generally under § 3553(a)—that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way." *Id.* Accordingly, a policy-based challenge to the Guidelines—i.e., "that the Guidelines reflect an unsound judgment," *id.*—is among those nonfrivolous arguments that may require a lengthier response.

enhancement and the parallel crime, a distinction which has been reviewed by this court before as a possible basis to vary. *See Rolack*, 362 F. App'x at 463-66; *Moore*, 372 F. App'x at 580-82; *see also United States v. Handy*, 570 F. Supp. 2d 437, 478-80 (E.D.N.Y. 2008) (Weinstein, J.) (finding invalid the strict-liability component of the stolen-gun enhancement in part due to conflict with related criminal statute).

At the sentencing hearing, the argument that the district court should vary from the Guidelines range based on a policy disagreement was "intertwined" with the argument that it was improper to apply the enhancement in the first place in the absence of a finding of scienter. *Rolack*, 362 F. App'x at 463. To the extent that such arguments challenge the constitutionality or propriety of the enhancement, this court has held before and after *Booker* that "application of the enhancement is constitutional and proper, even where knowledge of the firearm's stolen character is not shown."[7] *Id.* at 464; *accord Moore*, 372 F. App'x at 578-79; *United States v. Fouse*, 250 F. App'x 704, 712-13 (6th Cir. 2007) (unpublished opinion); *United States v. Webb*, 403 F.3d 373, 384 & n.7 (6th Cir. 2005); *United States v. Burns*, 109 F. App'x 52, 54-56 (6th Cir. 2004) (unpublished opinion).

---

[7]In *United States v. Murphy*, 96 F.3d 846, 848-49 (6th Cir. 1996), we considered and rejected the argument that the lack of a scienter requirement in § 2K2.1(b)(4) violates due process. In *Murphy*, we joined other circuits in concluding that, "the upward adjustment for possession of a stolen firearm does not stand alone as an independent crime but is part of a sentencing court's quest to formulate a proper sentence." *Id.* at 849 (internal quotation marks omitted). We also observed that, "[a] statute may provide criminal liability without *mens rea* consistent with due process if it is a regulatory measure in the interest of public safety." *Id.* (internal quotation marks omitted) (alteration in original). We agreed that "the strict liability enhancement for possession of a stolen firearm" was such a measure because it is "rationally related to the legitimate governmental goal of crime prevention: § 2K2.1(b)(2) was promulgated on the premise that stolen firearms are used disproportionately in the commission of crimes." *Id.* (internal quotation marks omitted).

"It is a separate question, however, whether the district court adequately explained its chosen sentence in light of [Davy's] argument that . . . the court had discretion to reject the 2-level enhancement for possessing a stolen firearm." *Rolack*, 362 F. App'x at 464-65. The district court's response to Davy's policy-based variance argument was: "Well, I think the problem with your argument is that it is consistent with the guilty plea." Sent. Tr. 9. As Davy explained to the district court, the guilty plea stipulated only that the gun was stolen, and said nothing about Davy being aware of this fact. The government further clarified that Davy was in fact arguing for a variance. Davy agreed. The judge then announced the agreed Guidelines range and said nothing more about Davy's argument for a variance.

Notably, the record suggests that the district court misunderstood the impact of the stolen-gun enhancement on Davy's sentence, and consequently, the argument he made for a variance. At various points, the district court confused the calculation of the total-offense level with the calculation of the criminal-history category, mistakenly believing the enhancement to apply to criminal-history category. She also made remarks suggesting that the stolen-gun enhancement did not affect Davy's Guidelines range. On the contrary, had the stolen-gun enhancement not applied, Davy's criminal-history category would have remained at Roman Numeral Six, but the total offense level would have dropped to 21, and these calculations would have corresponded to a reduced sentencing range of 77 to 96 months. U.S.S.G. § 5A (sentencing table). With a total offense level of 23, in contrast, the sentencing range was 92 to 115 months. Given her silence with respect to the substance of Davy's argument, the district court may have sidestepped the variance argument

13

because she mistakenly believed that the stolen-gun enhancement did not have an effect on Davy's

Guidelines range.

Complicating our review further, the district later made ambiguous comments about being

"bound." After agreeing that Davy's criminal history was "really pretty high," the district court

stated that:

> Well, you have to realize that . . . when you hit the federal criminal code, *the statutes that I have to abide by, there is no way to get around them*. . . . And you've got a very long criminal history category that I can—*no way I cannot be bound by some of these*.

Sent. Tr. at 13 (emphasis added). These comments suggest that the district court did not believe

herself able to vary from the Guidelines on the policy grounds suggested by Davy.

The sentencing transcript "leaves us unsure as to whether the district court adequately

considered and rejected [Davy's] arguments" or, instead, "misconstrued, ignored, or forgot [Davy's]

arguments." *United States v. Thomas*, 498 F.3d 336, 341 (6th Cir. 2007). The requirement to

explain how a defendant's nonfrivolous argument for a lower sentence was taken into account in

sentencing applies to *within*-Guidelines sentences as well as outside-Guidelines sentences. *United

States v. Wallace*, 597 F.3d 794, 804-07 (6th Cir. 2010) (citing with approval *United States v.

Blackie*, 548 F.3d 395 (6th Cir. 2008)). But "no part of the record makes clear that the district judge

even understood" Davy's "assuredly non-frivolous" argument. *Wallace*, 597 F.3d at 806.[8] In light

of the district court's failure to provide a substantive response to Davy's argument, her apparent

---

[8]We have explained that "it is not our role to supply reasons for the district court's sentencing determination" when the district court itself fails to do so. *Thomas*, 498 F.3d at 341 n.3.

confusion about the implications of the stolen-gun enhancement, and her ambiguous comments about being bound, we conclude that the district court's explanation of the chosen sentence is inadequate.

Our decision in *United States v. Simmons*, 587 F.3d 348 (6th Cir. 2009) is not to the contrary. In *Simmons*, we upheld the district court's sentence when it failed to address directly a defendant's argument that the disparate treatment of crack and powder cocaine warranted a downward variance. *Id.* at 362-63. Engaging in plain-error review, we held that, "when a district court observes that the Guidelines are advisory and provides no indication that policy disagreements are not a proper basis to vary, then a sentence within the Guidelines range remains presumptively reasonable on appeal." *Id.* at 364.

Unlike the court in *Simmons*, we are reviewing Davy's sentence for abuse of discretion, not plain error. *See id.* at 358. Moreover, the district judge in *Simmons* implicitly addressed the defendant's argument when he "repeatedly observed that the Guidelines were advisory, concluding with respect to this individual defendant that sentencing disparities were less likely to result from a sentence within the Guidelines range." *Id.* at 362. The district court here, in contrast, made ambiguous statements about being bound. Davy's argument for a variance, furthermore, was not "a conceptually straightforward legal argument," and the court did not "discuss[] the specific factor [or] appear[] to have considered and implicitly rejected the argument." *Id.* Thus, while it may be unnecessary as a general matter to "expressly defend[] the abstract justifications for the sentencing range," *id.* at 363, there is evidence in the record that the district court gave no consideration to

Davy's policy argument and did not believe she was free to vary downward based on this sort of substantive disagreement with the Guidelines.

In this case, the record as a whole and particular statements by the district court provide "reason to believe that the judge did not recognize [her] authority to reject and vary from the . . . Guidelines based solely on a policy disagreement with those Guidelines." *United States v. Maye*, 582 F.3d 622, 633 (6th Cir. 2009) (internal quotation marks omitted); *cf. United States v. Guest*, 564 F.3d 777, 779 (6th Cir. 2009) ("[T]here should be some indication of error in the record justifying remand."). Because the district court did not "set forth enough to satisfy the appellate court that [s]he has considered the parties' arguments and has a reasoned basis" for her decisionmaking, *Rita*, 551 U.S. at 356, we conclude that the sentence is procedurally unreasonable.

"[W]e are required to remand for resentencing unless we are certain that any such [procedural] error was harmless." *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008) (internal quotation marks omitted). "A sentencing error is harmless if we are certain that the error did not affect the district court's selection of the sentence imposed." *Id.* (internal quotation marks omitted). In light of both the district court's failure to address substantively Davy's variance argument and her ambiguous statements in the record about being bound, the government has not "met its burden of showing that the district court's error was harmless because we cannot conclude that the district court would have imposed the same sentence had [she] known that the [enhancement commentary was] advisory." *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009); *see id.* at 698-99 (applying harmless-error analysis when district judge believed himself unable to vary from

16

the career-offender Guidelines). In addition, the fact that the district court imposed the "lowest sentence available in the sentencing range . . . makes it less clear that the judge would have imposed the same sentence had [s]he not believed [herself] to be bound." *Id*. at 699.[9]

Davy also argues that the district court failed to consider mitigating evidence and the § 3553(a) factors, and to indicate whether she applied a one-level enhancement for the timing of the offense. In addition, he challenges the substantive reasonableness of his sentence. Because we remand for resentencing on the basis of the district court's failure to address Davy's argument for a variance, we decline at this time to reach the other sentencing claims Davy raises in his appeal.

### III. CONCLUSION

We conclude that the district court abused its discretion by not explaining adequately the chosen sentence and apparently treating the Guidelines as mandatory. The district court did not respond substantively to Davy's policy-based argument and, furthermore, her remarks suggest that she did not believe she had the power to vary categorically on this basis. In light of the district court's procedural errors, we **VACATE** Davy's sentence and **REMAND** for de novo resentencing.

---

[9]In *United States v. McCarty*, 628 F.3d 284 (6th Cir. 2010), we found the improper application of a sentencing enhancement to be harmless error when the defendant's sentence "fell within the Guidelines range," regardless of whether the enhancement applied, *id.* at 294. Similarly, the sentence imposed here fell within the Guidelines range that would apply whether or not the district court had applied the stolen-gun enhancement. Significantly though, in *McCarty*, the district court indicated that "its sentence would have been the same irrespective of the improper application" of the enhancement, *id.*, which the district court did not do here with respect to Davy's variance argument. Furthermore, Davy was not arguing, strictly speaking, for the enhancements not to be applied, and thus that the district court should apply a different Guidelines range, but rather that the district court should vary downward.