**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0553n.06

No. 19-6109

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 28, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| KANE JACQUES MALONE, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **Defendant-Appellant.** | ) | **OPINION** |
| | ) | |

**BEFORE: NORRIS, NALBANDIAN, and READLER, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Defendant Kane Malone appeals the seventy-month sentence he received after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant argues that the district court improperly applied a sentencing guidelines enhancement and that his sentence was procedurally unreasonable. We affirm.

**I.**

Police officers were called to a Chattanooga, Tennessee, hotel to investigate an alleged aggravated assault. The victim stated that defendant fired a handgun at her second-floor hotel room from the parking lot below. Officers recovered a spent nine-millimeter shell casing near where the defendant was said to have fired, and the officers observed bullet holes in the side of the hotel near her room.

The officers located defendant less than a half-mile away from the hotel at a gas station where he was removing his clothing. On the ground, officers located pants, socks, and a High Point nine-millimeter handgun with three rounds remaining in the magazine. Its serial number had been obliterated.

Defendant waived his *Miranda* rights and told law enforcement that the recovered handgun was his. He first stated that the gun should be in his name but corrected himself to say that it could not be in his name because he was a felon. Prior to this incident, defendant had been convicted of at least the following felony charges: aggravated burglary, attempting aggravated burglary, and criminal simulation.

Defendant was initially charged for aggravated assault based on shooting at the hotel and, after being booked on that charge, another unrelated arrest warrant was issued for aggravated robbery. Both of these state charges were dismissed, and defendant was charged federally with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The probation officer calculated the guidelines sentence this way: a base offense level of fourteen under USSG § 2K2.1(a)(6); an additional four levels under USSG § 2K2.1(b)(4)(B) because the firearm's serial number was obliterated; an additional four levels under USSG § 2K2.1(b)(6)(B) because defendant possessed the firearm in connection with another felony offense; and minus three levels under USSG § 3E1.1(a) & (b) for acceptance of responsibility. This yielded a total offense level of nineteen. Defendant's criminal history score was eighteen, resulting in a criminal history category of VI, and a guideline range of sixty-three to seventy-eight months' imprisonment. At sentencing, counsel for defendant agreed that the guidelines were calculated correctly.

Defendant filed a motion for downward variance, seeking a sentence of sixty months, which the government did not oppose. But the district court denied the motion, stating at the hearing that a within-guidelines sentence could address the issues raised by defendant. The court did observe that "a sentence at the low end of the guidelines would be appropriate here." The court then imposed a sentence of seventy months, which is just below the exact midpoint of the guidelines range: seventy and a half months. Defendant's counsel did not object to this purported inconsistency at sentencing.

Defendant now appeals, claiming that (1) the sentencing enhancement for the obliterated serial number was improperly applied because the government did not prove that defendant knew the serial number was obliterated, and (2) defendant's sentence was procedurally unreasonable because the district court did not explain why it imposed a sentence near the midpoint of the range after saying the low end of the range would be appropriate.

## II.

We typically review de novo the district court's application of the sentencing guidelines when, as here, the facts are undisputed. *See United States v. Murphy*, 96 F.3d 846, 848 (6th Cir. 1996). The government argues that we should review only for plain error, because defendant did not raise the claim below. But if the district court applied the sentencing guidelines incorrectly, that most likely would constitute plain error. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907 (2018). We need not resolve the standard of review question, because the district court's application of the sentencing enhancement was correct. As to the claim of procedural error, because defendant did not object at sentencing, the review is for plain error. *See United States v. Jackson*, 877 F.3d 231, 236 (6th Cir. 2017).

**A.      Sentencing Guidelines Enhancement**

The district court increased defendant's offense level by four because the serial number of the firearm he possessed was obliterated. The relevant sentencing guideline instructs that if the firearm "(A) was stolen, increase by 2 levels; or (B) had an altered or obliterated serial number, increase by 4 levels." USSG § 2K2.1(b)(4). The guideline commentary explains that "[s]ubsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number." USSG § 2K2.1 cmt. n.8(B).

"[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). But commentary may not expand the scope of a guideline. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019) (en banc) (invalidating commentary purporting to expand the definition of a controlled substance offense to include "attempt" crimes).

Defendant argues that *Rehaif v. United States*, 139 S. Ct. 2191 (2019) instructs that a *mens rea* element be read into USSG § 2K2.1(b)(4), and so, like in *Havis*, the guideline commentary striking the *mens rea* requirement impermissibly expands the scope of the guideline's text, as interpreted.

This is not a new argument. *See, e.g.*, *Murphy*, 96 F.3d at 848. In *Murphy*, the district court increased Jerome Murphy's sentence based on a two-level increase under USSG § 2K2.1(b)(4) because the firearm Murphy possessed had been stolen. *Id.* at 847. The government conceded that there was no evidence Murphy knew the firearm was stolen. *Id.* Similar to this case, Murphy's argument rested on the principle that "when a statute is silent as to the mental state required for the commission of an offense, the common law presumes the existence of a *mens rea* element."

*Id.* at 848 (citing *Staples v. United States*, 511 U.S. 600, 618–19 (1994) ("[W]here . . . dispensing with *mens rea* would require the defendant to have knowledge only of traditionally lawful conduct . . . the usual presumption that a defendant must know the facts that make his conduct illegal should apply."). This court rejected Murphy's argument, noting, "We simply find no basis for expanding the holding of *Staples*, dealing only with the requisite intention for conviction of a crime, to include sentencing enhancements within its scope; indeed, the two areas are fundamentally distinct." *Id.* at 848-49. The court observed that "every other court to consider the question has concluded that the lack of a *mens rea* requirement in U.S.S.G. § 2K2.1(b)(4) comports with constitutional requirements." *Id.* at 849 (collecting cases).

Defendant's argument is indistinguishable from the argument presented in *Murphy*, and so the question is whether the combination of *Rehaif* and *Havis* compel a different result. They do not. Defendant correctly notes that there remains a presumption in favor of requiring a *mens rea* element in *criminal statutes*. *Rehaif*, 139 S. Ct. at 2195 (citing *Staples*, 511 U.S. at 606). There, Rehaif entered the United States on a student visa that was terminated when his university dismissed him for poor grades. *Id.* at 2194. Rehaif later fired weapons at a firing range and was convicted of "possessing firearms as an alien unlawfully in the United States." *Id.* The question before the Court was whether the government was required to prove that Rehaif knew about his unlawful immigration status. *Id.* at 2195. The Court answered in the affirmative, reasoning that "[w]ithout knowledge of that status, [Rehaif] may well lack the intent needed to make his behavior wrongful. His behavior may instead be an innocent mistake to which criminal sanctions normally do not attach." *Id.* at 2197.

Here, defendant pleaded guilty to being a felon in possession of a firearm. To be analogous to *Rehaif*, the question would have to be whether defendant knew that he previously had been

convicted of a felony at the time he possessed the firearm. But defendant confirmed in writing that he knew he was a felon at the time of the incident. R. 33 (*Rehaif* Stipulation) (Page ID #247).

The presumption of *mens rea* in *Rehaif* is not inconsistent with *Murphy*. 96 F.3d at 848-49 (differentiating "the requisite intention for conviction of a crime" from "sentencing enhancements"). USSG § 2K2.1(b)(4) does not contain a *mens rea* requirement—it is silent. And *Rehaif* does not require (or even imply) that the presumption of a *mens rea* element applies to sentencing guidelines. Unlike in *Havis*, here the commentary to USSG § 2K2.1(b)(4) is wholly consistent with the absence of *mens rea* in the guideline text. The commentary does hardly any work at all, at most confirming the guideline's omission of a *mens rea* element. And so *Havis* is no help to defendant. The *mens rea* commentary to USSG § 2K2.1(b)(4) properly interprets (not enlarges) the guideline, and therefore survives *Havis*. *See United States v. Gibson*, 817 F. App'x 202, 203 (6th Cir. 2020) ("[B]ecause the relevant commentary is an interpretation of § 2K2.1(b)(4)(A), not an addition or modification to it, we find that the enhancement does not include a scienter requirement, even after *Havis*."); *see also United States v. Sands*, 948 F.3d 709, 713 (6th Cir. 2020) (noting that the firearm serial number enhancement is strict liability and does not require showing that defendant knew or had reason to know that the serial number was altered or obliterated).

The district court's application of the sentencing enhancement was correct.

**B.      Procedural Reasonableness**

Defendant also claims that the district court committed plain procedural error because it failed to adequately explain the sentence imposed. The argument relies almost exclusively on a district court comment at the sentencing hearing, that a sentence "at the low end of the guidelines"

range—which was sixty-three to seventy-eight months—would be appropriate. Subsequently, the court imposed a sentence of seventy months.

The government correctly notes that the mathematical midpoint of the range is seventy and a half months, and so seventy months is in the lower *half* of the range. Defendant counters by pointing out that the district court said *at* the low end, not *in* the low end, and avers that the conflicting statements cause confusion and diminish the perception of fairness. The district court could have been more precise in its wording, but it does not rise to the level of plain error.

The purpose of our review of a sentencing procedure is to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court committed no significant procedural error.

The sentencing hearing included a lengthy, robust discussion of the appropriate sentence, with the district court acknowledging some of the persuasive arguments raised by defendant in his motion for a downward variance. But the district court also explained why it denied that motion, emphasizing that the underlying conduct (shooting indiscriminately into an occupied hotel room) was especially dangerous and deserving of punishment. Based in part on arguments raised by defendant, the court also recommended that defendant receive substance abuse treatment, a mental health evaluation, and mental health treatment if appropriate.

Even if, for the sake of argument, the district court misspoke when it mentioned "at the low end of the range," that does not rise to the level of plain error. *See, e.g.*, *United States v. Gibbs*, 461 F. App'x 419, 421 (6th Cir. 2012). Overall, we are satisfied that the court in its sentencing

7

procedure "considered the parties' arguments and [had] a reasoned basis for exercising [its] own legal decisionmaking authority" in determining defendant's sentence. *Rita v. United States*, 551 U.S. 338, 356 (2007).

**III.**

The district court judgment is **affirmed**.